SARAH M. RICE *vs.* JOHN T. COOLIDGE & others.

Suffolk. March 20. — December 1, 1876. DEVENS & LORD, JJ., absent.

One, not a party to a former action, may maintain an action of tort against a person also not a party thereto, for suborning witnesses to testify falsely in that action, whereby his character is defamed.

A declaration, in an action for suborning witnesses to defame the character of the plaintiff, each count of which alleges a series of connected acts as parts of a scheme designed to defame the plaintiff, sets out but one cause of action.

In an action for suborning witnesses to defame the character of the plaintiff, special damage need not be alleged, if the acts charged are such that their natural and necessary consequence is to injure the plaintiff.

MORTON, J. This is an action of tort. The principal question raised by the demurrer is, whether the plaintiff's declaration

states any legal cause of action. Each count alleges, in substance, that a proceeding for a divorce was pending in the courts of the State of Iowa, between Joseph S. Coolidge and Mary L. Coolidge, in which the latter alleged that the said Joseph S. Coolidge had been guilty of adultery with the plaintiff; that the defendants conspired together and with the said Mary L. Coolidge to procure and suborn witnesses to falsely testify in support of said charges of adultery; and that the defendants, in pursuance and execution of said conspiracy, did procure and suborn certain witnesses named, to testify in said divorce suit, and to falsely swear to criminal sexual intercourse between the plaintiff and said Joseph S. Coolidge, and between the plaintiff and other persons, and to various other acts and things which, if believed, would tend to bring disgrace and infamy upon the plaintiff.

Three of the counts also allege that the defendants, in pursuance and execution of the conspiracy, published or caused to be published a printed pamphlet in which the false. testimony of such witnesses was repeated, and made the pretext for false and malicious charges upon the plaintiff's character and good name.

The gist of the plaintiff's case is that the defendants have suborned witnesses to falsely swear to defamatory statements concerning her, and have done other connected acts in pursuance of a scheme or plan to defame her. The alleged conspiracy or combination is not one of the elements of the cause of action. That is not created by the conspiracy, but by the wrongful acts done by the defendants to the injury of the plaintiff. If the acts charged, when done by one alone, are not actionable, they are not made actionable by being done by several in pursuance of a conspiracy. *Wellington* v. *Small*, 3 Cush. 145. *Parker* v. *Huntington*, 2 Gray, 124. *Bowen* v. *Matheson*, 14 Allen, 499.

The question is presented, therefore, whether the plaintiff can maintain an action of tort, in the nature of the common law action on the case, against the defendants for suborning witnesses to falsely swear to defamatory statements concerning the plaintiff in a suit in which neither of the parties to this suit was a party

It requires no argument to show that the acts charged as done by the defendants, if proved, are a great wrong upon the plaintiff. It is a general rule of the common law that a man shall

have a remedy for every injury. The plaintiff should have a remedy for the injury done to her by the defendants, unless there are some other rules of law, or some controlling considerations of public policy, which take the case out of this rule.

The defendants contend that the witnesses who uttered the defamatory statements are protected from an action, because they were statements made in the course of judicial proceedings, and that therefore a person, who procured and suborned them to make the statements, is not liable to an action.

It seems to be settled by the English authorities that judges, counsel, parties and witnesses are absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings. *Henderson* v. *Broomhead*, 4 H. & N. 569. *Revis* v. *Smith*, 18 C. B. 126. *Dawkins* v. *Rokeby*, L. R. 8 Q. B. 255, and cases cited; affirmed, L. R. 7 H. L. 744. *Seaman* v. *Netherclift*, 1 C. P. D. 540. The same doctrine is generally held in the American courts, with the qualification, as to parties, counsel and witnesses, that, in order to be privileged, their statements made in the course of an action must be pertinent and material to the case. *White* v. *Carroll*, 42 N. Y. 161. *Smith* v. *Howard*, 28 Iowa, 51. *Barnes* v. *McCrate*, 32 Maine, 442. *Kidder* v. *Parkhurst*, 3 Allen, 393. *Hoar* v. *Wood*, 3 Met. 193. In the last cited case, Chief Justice Shaw says: " We take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they are such as impute crime to another, and therefore, if spoken elsewhere, would import malice and be actionable in themselves, are not actionable if they are applicable and pertinent to the subject of inquiry."

We assume, therefore, for the purposes of this case, that the plaintiff cannot maintain an action against the witnesses in the suit in Iowa, for their defamatory statements, though they were false. But it does not follow that she may not maintain an action against those who, with malice and intent to injure her, procured and suborned those witnesses to testify falsely.

The reasons why the testimony of witnesses is privileged are that it is given upon compulsion and not voluntarily, and that, in order to promote the most thorough investigation in courts of justice, public policy requires that witnesses shall not be re-

strained by the fear of being vexed by actions at the instance of those who are dissatisfied with their testimony. But these reasons do not apply to a stranger to the suit, who procures and suborns false witnesses, and the rule should not be extended beyond those cases which are within its reasons.

The argument, that an accessory cannot be held civilly liable for an act for which no remedy can be had against the principal, is not satisfactory to our minds. The perjured witness and the one who suborns him are joint tortfeasors, acting in conspiracy or combination to injure the party defamed. The fact that one of them is protected from a civil suit by a personal privilege does not exempt the other joint tortfeasor from such suit. A similar argument was disregarded by the court in *Emery* v. *Hapgood*, 7 Gray, 55, where it was held that the defendant, who instigated and procured an officer to arrest the plaintiff upon a void warrant, was liable to an action of tort therefor, although the officer who served the warrant was protected from an action, for reasons of public policy.

The defendants rely upon the cases of *Bostwick* v. *Lewis*, 2 Day, 447, and *Smith* v. *Lewis*, 3 Johns. 157. But those cases turn upon a principle which does not apply in the case at bar. The facts in those cases were as follows : Lewis brought an action in Connecticut against several defendants, in which he prevailed. Afterwards Bostwick, one of the defendants in the original action, brought an action in Connecticut against Lewis, for suborning a witness in that action; and Smith, another of the defendants, brought a similar action in New York. It was held in each case that the action could not be maintained, because, in the language of Mr. Justice Kent, it was " an attempt to overhaul the merits " of a former suit. The case of *Dunlap* v. *Glidden*, 31 Maine, 435, is to the same effect. Although the parties to a former action cannot retry its merits, while a judgment therein is in force and unreversed, yet any person who was not a party to the action, or in privity with a party, may in a collateral action impeach the judgment and overhaul the merits of the former action. Those cases, therefore, are not decisive of the case at bar.

The defendants argue that an action of this nature ought not to be maintained, because the plaintiff therein might, by the tes-

timony of a single witness, prove that a witness in another action had committed perjury. The rule of law, that a man cannot be convicted of perjury upon the unaided testimony of one witness, is a rule applicable only to criminal proceedings. The argu ment may go to show that the rule ought to be extended to civil cases in which perjury is charged against a witness, but it does not furnish a satisfactory reason why a plaintiff should be altogether deprived of a remedy for an injury inflicted upon him.

It is also urged, as an argument against the maintenance of this action, that it is a novelty. The fact that an action is without a precedent would call upon the court to consider with care the question whether it is justified by correct principles of law; but if this is found, it is without weight. In answer to the same argument, Lord Chief Justice Willes said : "A special action on the case was introduced for this reason, that the law will never suffer an injury and a damage without a remedy, but there must be new facts in every special action on the case." *Winsmore* v. *Greenbank*, Willes, 577.

Upon a careful consideration of the case, we are of opinion that there are no rules of law and no reasons of public policy which deprive the plaintiff of her remedy for the wrong done her by the defendants by suborning witnesses to defame her character.

There are several causes of demurrer assigned by the defendants which go to the form of the declaration, and which remain to be considered.

It is contended that each of the counts is defective, because more than one cause of action is embraced therein. Each count alleges that the defendants procured and suborned several witnesses named, to falsely testify to defamatory matter concerning the plaintiff. The defendants argue that, if the witnesses were sued, the action against each would be several and not joint, and therefore, if the defendants are liable, the plaintiff must proceed by a separate action or a separate count for suborning each witness.

But the plaintiff's cause of action is that the defendants, conspiring together, entered into a scheme to defame her, and carried out this scheme by a series of connected acts. If the defendants

had suborned but one witness, the plaintiff might have had a cause of action; but, having suborned several, their different acts may be alleged to have been all parts of one scheme, designed and carried out to defame the plaintiff, and but one cause of action is set out. For the same reason the first, third and fourth counts are not open to the objection of duplicity, because they allege that the defendants published a pamphlet entitled the "Argument of W. J. Knight, for plaintiff." The publication of this pamphlet is set out as one of the acts done by the defendants in carrying out the conspiracy, and does not set out a libel as a separate cause of action.

Another ground of demurrer is that the declaration does not contain any allegation of damage sufficient to constitute a legal cause of action. The acts charged upon the defendants are such that the natural and necessary consequences of them are to injure the plaintiff. Under the general allegation of damage, she may recover damages for this injury, and no allegation of special damage is necessary to enable her to maintain her cause of action. Whether under the declaration she can recover for injury to her business we cannot consider in this stage of the case.

The only other ground of demurrer, not considered, is that the first three counts do not set out in full the words spoken by the suborned witnesses, or a copy of the printed "Argument of W. J. Knight, for plaintiff." In an action like this, it is not necessary to set out the words spoken or written with the fulness required in actions of slander and libel, but it is sufficient to set out their substance. *Hood* v. *Palm*, 8 Penn. St. 237. *Haldeman* v. *Martin*, 10 Penn. St. 369. And we are inclined to the opinion that the first three counts of the plaintiff's declaration are sufficient in this respect. But we need not decide this point, as the fourth count sets out in full the testimony of the suborned witnesses and a copy of the printed pamphlet.

*Demurrer overruled.*

*S. Bartlett & D. Thaxter*, for the defendants, cited *Astley* v. *Younge*, 2 Burr. 807; *Henderson* v. *Broomhead*, 4 H. & N. 569, *Revis* v. *Smith*, 18 C. B. 126; *Scott* v. *Stansfield*, L. R. 3 Ex. 220; *Dawkins* v. *Rokeby*, L. R. 8 Q. B. 255, and L. R. 7 H. L. 744; *Kennedy* v. *Hilliard*, 10 Irish C. L. 195, 208; *Smith* v. *Lewis*, 3 Johns. 157; *Bostwick* v. *Lewis*, 2 Day, 447; *Dunham* v.

*Powers*, 42 Vt. 1; *Dunlap* v. *Glidden*, 31 Maine, 435, 439; *Hoar* v. *Wood*, 3 Met. 193, 196 ; *Phelps* v. *Stearns*, 4 Gray, 105; *Parker* v. *Huntington*, 7 Gray, 36 ; *Kidder* v. *Parkhurst*, 3 Allen, 393, 396.

*E. D. Sohier & R. Olney*, for the plaintiff.