SARAH L. LIBBY *vs.* THADDEUS C. S. BERRY.

Penobscot. Opinion January 5, 1883.

*Married woman, action by. Divorce. Stat. 1876, c. 112.*

Stat. 1876, c. 112, does not so far modify the common law as to authorize a civil action by the wife against the husband to recover damages for an

assault, nor against those who act with the husband and under his directions in doing such a wrong. Nor does such right of action arise upon divorce.

On report.

The writ is dated March 4, 1881, and the declaration is as follows :

"In a plea of the case, for that the said defendant, at said Houlton, to wit, at said Bangor, on the fourth · day of March, 1877, the plaintiff being then and there a married woman, by the name of Sarah L. Given, and being pregnant with child, unlawfully used upon her, so being pregnant aforesaid, an instrument whose name is to the plaintiff unknown, and inserted the same into her body, through and by the passage called the vagina, with intent to procure the miscarriage of herself, against her will and consent, her then husband, James C. Given, being then and there present, compelling and coercing her to endure the use of said instrument by the defendant, as aforesaid.

"And the plaintiff avers that she has since been legally divorced from her said husband, and resumed her maiden name ; that she was greatly injured by the defendant, by the use of said instrument as aforesaid ; that her health was very much injured thereby and she has suffered great pain of body and mind also, by means thereof.

"Also for that the defendant at said Houlton, to wit, at said Bangor, on the sixth day of March, 1877, unlawfully did use a certain other instrument unknown to the plaintiff, upon the plaintiff, there and then being pregnant with child, by inserting the same into her body, with intent to procure the miscarriage of the plaintiff. And the plaintiff avers that she was greatly injured by the defendant, by the use of said instrument as aforesaid ; that her health was very much impaired, and she has suffered intense pain of body and mind thereby."

The plea was not guilty

At the trial, after the plaintiff had testified to the acts alleged in the declaration, the parties agreed to report the case to law court to determine whether the action could be maintained. If not, nonsuit was to be entered, otherwise the action was to stand for trial.

*A. Sanborn*, for the plaintiff.

Stat. 1876, c. 112, expressly gives the plaintiff the right to maintain this action. *Abbott* v. *Abbott* was sound as the law stood in 1869, and down to the act of 1876.

That case was governed by the common law which forbade it; this is governed by the statute law which upholds it.

*Wilson and Woodard,* for the defendant, cited: *Abbott* v. *Abbott,* 67 Maine, 304; *Smith* v. *Gorman,* 41 Maine, 405; *Dwelly* v. *Dwelly,* 46 Maine, 377; *Crowther* v. *Crowther,* 55 Maine, 358; *Hobbs* v. *Hobbs,* 70 Maine, 381; *Com.* v. *Parker,* 9 Met. 263; *Smith* v. *State,* 33 Maine, 48; R. S., c. 124, § 8; Add. Torts, 691; *Christophenson* v. *Bare,* 11 Ad. and El. 473, (63 E. C. L. 473); Broom's Leg. Max. 204; *Emerson* v. *Balch,* 5 Dane's Abr. 566; *Fitzgerald* v. *Cavin,* 110 Mass. 153.

SYMONDS, J.    The opinion in *Abbott* v. *Abbott,* 67 Maine, 304, is decisive against the right of the plaintiff to recover, unless the change in the law introduced by the later act of 1876, c. 112, is such as to sustain the action.

But the amendment of 1876 has been held by the court, in *Hobbs* v. *Hobbs,* 70 Maine, 381, to relate to "cases where by the very assumption the husband may be a party with the wife or not, at her election. The design is to protect her from all marital interference in suits commenced by the wife alone or jointly with her husband, and to prevent his maintaining alone any action respecting his wife's property." *Smith* v. *Gorman,* 41 Maine, 405, 408; *Crowther* v. *Crowther,* 55 Maine, 359.

It is clear that in the case at bar the husband could not be a party plaintiff with the wife, for he was the principal and the defendant the agent in procuring the wrong to be done.

According to the construction already given to the act of 1876, it does not so far modify the common law as to authorize a civil action by the wife against the husband to recover damages for an assault, nor against those who act with the husband and under his direction in doing such a wrong. It only authorizes her to maintain alone such actions as previously could be sustained when brought by the husband alone or by the husband and wife jointly. It enlarges not her right of action, but her sole right of action. It does not enable her to maintain suits which could not

have been maintained before, but to bring in her own name those which before must have been brought in the husband's name, either alone or as a party plaintiff with her.

The reasoning in *Abbott* v. *Abbott,* is also conclusive upon the point that if such right of action does not exist during coverture it does not arise upon divorce. From the competency of married women to make legal contracts, and from the full recognition of their separate right of property, certain special instances have arisen in which after divorce actions of assumpsit by them against their former husbands have been sustained, as in *Webster* v. *Webster,* 58 Maine, 139 ; *Carlton* v. *Carlton,* 72 Maine, 115. See also, *Blake* v. *Blake,* 64 Maine, 177. But nothing in those cases indicates such right of action in tort.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.