## JOHN M. BURNS v. WILLIAM KIRKPATRICK.

*Trespass—Evidence.*

1. A brother who assists his sister in forcibly removing household goods, the title to which is in her husband, from their house, is liable to the husband in trespass for the tort thus committed, notwithstanding he acted with and under the direction of the wife in such removal.

2. In a suit by a husband against his wife's brother for assisting her in forcibly removing the household goods from their house, a witness testified to a conversation with the brother while the goods were being removed, and was asked on cross-examination to state what the wife said at the time. The husband was not present, and the witness had not testified to any conversation with the wife. And it is held that the proposed testimony was properly rejected.

Error to Delta. (Stone, J.) Submitted on briefs March 11, 1892. Decided April 8, 1892.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*T. B. White,* for appellant.

*John Power,* for plaintiff.

GRANT, J. Action of trespass *de bonis asportatis.* Plaintiff had verdict and judgment for the value of the goods taken.

Plaintiff was a householder living with his family,

which consisted of his wife, three children, and his mother-in-law. The defendant is his brother-in-law, and on the evening of December 29, 1890, went to the plaintiff's house. A fight, the occasion and details of which it is unnecessary to give, occurred between them. Plaintiff, evidently getting the worst of the fight, ran away from the house, leaving the defendant there. Mrs. Burns, the defendant, and his brother then moved the household goods from plaintiff's house to the defendant's, after which they were taken by Mrs. Burns to her new home.

The defendant relies upon the following errors:

1. The circuit judge erred in rejecting the testimony as to what Mrs. Burns said when she was assisting in removing the property in question.

2. The circuit judge erred in making the sarcastic and irrelevant remark in relation to "saving the property for his sister."

3. The court erred in charging the jury that the defendant is liable to the plaintiff for the value of the goods taken.

4. The court erred in refusing to charge the jury that if they found the goods in question consisted of household furniture and provision, used by the plaintiff and his wife in their housekeeping, the wife had a joint right of possession with her husband, and, as such, could exercise care and control over the same.

5. The court erred in refusing to charge the jury that if they found that the defendant took said property and carried it away at the request of the wife, and acted only under her supervision and instruction, and with her aid and assistance, and that said goods had never been out of the custody and control of the wife, the plaintiff could not recover in this action.

6. The court erred in refusing to charge the jury that there was no cause of action in this case, and in not directing them to bring in a verdict for the defendant.

1. The principal defense was that the defendant was acting under the direction of Mrs. Burns; that he did not convert the goods to his own use, and therefore is

not liable. The act of removal was a tort, and the defendant is liable, notwithstanding he acted under the direction of Mrs. Burns. The learned circuit judge was therefore correct in instructing the jury to render a verdict for the plaintiff for the value of the goods taken. If Mrs. Burns had a just cause of complaint against her husband, the law provided her a remedy which she should have followed. The defendant, a stranger, had no right to enter the plaintiff's home, drive him therefrom, and then assist her in removing the property, the title to which was in him, though he could not dispose of it without her assent.

2. The court correctly rejected the testimony as to what Mrs. Burns said when the property was being removed. The witness saw the defendant and his brother loading the property on a sleigh, and had a conversation with them, to which he had testified. He had not testified to any conversation with Mrs. Burns. Defendant sought to elicit this conversation on the cross-examination of the witness. Plaintiff was not present, and nothing that she then said could have justified the defendant's action.

3. Mrs. Burns was a witness for the plaintiff, and had testified to the conduct of the defendant on the occasion, and that he had kicked over the table and broken the dishes, when the court remarked, "To save the property, I suppose, for his sister." Even if the remark were error, I do not think it so prejudicial, under the facts in this case, as to justify a reversal. The only question left to the jury was the assessment of damages.

Judgment affirmed.

The other Justices concurred.