### PEPPER v. MORRILL.

Circuit Court of Appeals, First Circuit.
February 20, 1928.

No. 2168.

**1. Automobiles ⬅181(1)—Wife could not recover for injuries while guest in husband's automobile, unless occasioned by gross negligence of driver.**

Under law of Massachusetts, wife could not in any event recover for injuries received while she was riding as guest in husband's automobile, driven by defendant, to whom husband had delegated duty of driving the car, unless injuries were occasioned by defendant's gross negligence.

**2. Automobiles ⬅244(20, 56)—Finding of automobile driver's gross negligence and injured guest's due care held sustained by evidence.**

In action for injuries sustained when automobile belonging to plaintiff's husband, and which defendant was driving as husband's agent or servant, crashed through fence and struck telegraph pole in making turn at fork in highway, finding that defendant was guilty of gross negligence and that plaintiff was in the exercise of due care held sustained by evidence.

**3. Negligence ⬅93(2)—Wife, injured while guest in husband's automobile, had right of action for gross negligence against one to whom husband intrusted driving of car (G. L. Mass. c. 209, § 6).**

Under G. L. Mass. c. 209, § 6, plaintiff, injured while riding with her husband as guest in his automobile, when automobile traveling at high speed crashed through fence and into telegraph pole in turning at fork in highway, had right of action for gross negligence against defendant, to whom husband had intrusted driving of the car, and who was at the time acting in law as his agent or servant, even if plaintiff's husband was negligent in calling out to defendant to turn to the left at fork in road.

**4. Negligence ⬅89(2)—State statute held not to deprive wife of right of action against third person negligently injuring her because of husband's concurring negligence (G. L. Mass. c. 209, § 6).**

G. L. Mass. c. 209, § 6, authorizing married woman to sue and be sued as if she were sole, but not authorizing suits between husband and wife, as construed by Massachusetts Supreme Court, does not deny the wife the right to bring an action against a third person, because she was injured by his negligence, concurring with that of her husband.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Action by Mary Dunphy Pepper against Jack Morrill. Judgment for defendant, and plaintiff brings error. Judgment vacated, with directions.

George F. Leary, of Springfield, Mass. (George D. Cummings and Leary, Cummings & Leary, all of Springfield, Mass., on the brief), for plaintiff in error.

Herbert Parker, of Boston, Mass. (Everett B. Horn, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiff in error, who was the plaintiff below, brought an action in the District Court of the United States for the District of Massachusetts against the defendant in error, alleging that she had received injuries on July 27, 1925, by the carelessness, recklessness, and gross negligence of the defendant in operating and controlling an automobile in which she was riding upon a public highway.

On July 27, 1925, she left Boston with her husband in a coupé automobile owned by

him, and the defendant was invited by him to accompany them. They left Boston about 5 o'clock in the afternoon, and reached West Brookfield, Massachusetts, about 8 o'clock that evening, where they stopped for dinner. The car had been driven by the plaintiff's husband as far as West Brookfield, but upon resuming their journey, after dinner he requested the defendant to drive, stating that he was tired. It rained while they were at dinner, and the plaintiff noticed that the pavement was wet. The defendant complied with the husband's request, and took his seat at the wheel of the car, and the plaintiff, with her husband, sat upon the back seat. The road, for about a half a mile after the defendant had taken the wheel, was torn up, but after they got beyond this the plaintiff testified that the car began to go faster; that it swerved in and out, and passed other cars repeatedly, and seemed to dash from side to side; that its speed in passing cars she should judge was at least 50 miles per hour; that she told her husband Mr. Morrill was driving like a madman; that as the car went around two or three curves there was almost the sensation of tipping up on one wheel; that she shrieked a couple of times when she thought the car was going to turn over, and told the defendant to go easy and stop; that they reached a descending grade just before the accident happened, and in going down this grade that she thought she noticed an increase in speed, which caused her to shriek; and that was the last she knew.

At the place of the accident there is a fork of the road, that to the right leading to Ware, and the one to the left to Springfield, and on to Hartford, Conn., which was their destination. Just before reaching the fork of the road, she testified that her husband said to the defendant, "Turn to the left, Jack," and then the accident occurred.

At the fork in the road there was a wooden fence and two or three lamp posts. As the defendant attempted to turn to the left from the Ware road, the right-hand side of the car collided with the fence and one of the lamp posts, breaking down both, and bringing up against a telegraph pole, which was pushed to one side, but not broken off. The plaintiff's husband was instantly killed, she was seriously injured, and the defendant was rendered unconscious.

A member of the state constabulary, who was doing police duty in the vicinity of the accident, proceeded there immediately after it occurred, and testified that there was a hill just before reaching the scene of the accident from West Brookfield; "that the hill was

straight about halfway down, and a curve started to the left about halfway down to the bottom; * * * that there is a fork in the road, one road going to Ware, and the other to Springfield. At this fork in the road the hill was still descending; not so much, but still a grade. On the Ware road it continues to be a hill; on the Springfield road, just a slight grade; that at the fork in the road there was a state fence—white fence made of wood—and at the corner, the junction of the two roads, the Y, there were two or three lamp posts. This car had broken the fence, and also one of the posts, and sideswiped the fence and one of the posts at the same time. There was a big telegraph pole, which was pushed to one side to a certain extent, but was not broken off. The car was completely wrecked. The frame was all there, but the glass top was all caved in; the top and front side." He testified that he found the woman and two men laid out on the side of the road; that one man was dead, the other was unconscious, and the woman semiconscious; that he found the tracks made by the car on the wet road; that it seemed to him as though the car started down the Ware road, and the driver suddenly turned toward the left onto the Springfield road, causing the car to collide with the fence and post.

The plaintiff had a long and painful sickness and suffered a permanent injury. The defendant was unconscious for several days, and upon his recovery his mind was a complete blank as to all that happened after leaving West Brookfield.

At the trial the District Judge submitted the following questions to the jury:

(1) Was the accident caused by the gross negligence of the defendant in operating the automobile which he was driving?

(2) Was the plaintiff herself in the exercise of due care?

(3) What was the plaintiff's damage?

The first two questions were answered in the affirmative by the jury, and as an answer to the third they assessed the plaintiff's damage at $4,000.

The court then ordered the jury to return a verdict in favor of the defendant, in the alternative that, if this was decided to be error, then a verdict should be entered in the sum of $4,000 for the plaintiff, with the same force and effect as if then returned by them.

The plaintiff has assigned as error the direction of the court to enter a verdict for the defendant, and also refusal of the court to give certain rulings and instructions.

[1] The plaintiff was riding as the guest of

her husband in the automobile, and under the law of Massachusetts she could not in any event recover for injuries received, unless they were occasioned by the gross negligence of the defendant, to whom her husband had delegated the duty of driving the car. The jury have found that the defendant was guilty of gross negligence, and that the plaintiff was in the exercise of due care. The testimony was brief and easily understood. [2] It is evident that the accident occurred because the defendant, driving at an excessive rate of speed, attempted to turn from the Ware road onto the Springfield road when too close to the fence. The plaintiff, riding as the guest of her husband, had no control over the defendant as driver of the car, but testified that she did protest at his driving so fast, and that immediately before the accident she cried out. There was nothing in the record to indicate any lack of due care upon her part. The findings of the jury that the defendant was guilty of gross negligence, and that she was in the exercise of due care, are fully sustained by the evidence.

[3] We pass, therefore, to what seems to be the crux of the case, namely, whether the plaintiff, riding with her husband, in his car, as his guest, could maintain an action against one to whom he had intrusted the driving of the car, and who was at that time acting in law as his agent or servant.

G. L. Mass. c. 209, § 6, is as follows:

"A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife."

It is contended that, as the plaintiff could not sue her husband, she could not sue one who was acting as his agent or servant in driving the car—that the negligence of the husband was the direct, proximate, and responsible cause of the plaintiff's injury.

Irrespective of any negligence on the part of the husband, the jury have found that the defendant was grossly negligent in the operation of the car. If the husband were negligent in calling out to the defendant to turn to the left, he was not in a position to determine, as was the defendant, whether it was safe under the existing conditions to attempt to do so. He was riding upon the back seat, while the defendant was at the wheel of the car, and had a free and unobstructed view of the whole situation. Being apprised by the warning of the husband that he was to turn to the left, lest he go upon the wrong road, the duty devolved upon him alone to determine whether, at the speed at which the car

was traveling and the condition of the road, it was safe to attempt to make the turn into the Springfield road. Although driving the car at the time as the agent or servant of the husband, he owed the duty to the plaintiff not to drive it so recklessly and with such gross negligence as to injure her. This duty was none the less binding upon him because he was driving the car of her husband than it would have been had he been driving his own car.

The plaintiff has brought her suit against the defendant alone, alleging that her injuries were received because of his recklessness and gross negligence in driving the car, the sole management and control of which was intrusted to him.

Abbott v. Abbott, 67 Me. 304, 24 Am. Rep. 27, and Libby v. Berry, 74 Me. 286, 43 Am. Rep. 589, cited by the defendant, are not applicable to the present case, because in them the parties sued by the wife acted in conjunction with and under coercion of the plaintiff's husband in the performance of the tortious act which resulted in her injury, while in this case the defendant at the time of the accident had the sole management and control of the automobile in which the plaintiff was riding. The husband's direction related only to the road which was to be taken, leaving the defendant entirely free to determine whether he would stop the car and back it to where it was safe to turn into the Springfield road, or attempt to make the turn without doing so. In attempting to make the turn he acted entirely independently of any directions communicated to him by the plaintiff's husband. At the excessive speed at which the car was traveling, the jury have found that he was guilty of gross negligence in attempting to do so. No decision of the Supreme Judicial Court of Massachusetts has been cited by counsel upon either side which is directly in point, nor have we found any. The Maine statute enlarging the rights of married women was held in the cases cited by defendant to confer upon a married woman the right to bring an action as if sole only where her husband, joining her or acting alone for her benefit, could have brought one, and that, because the husband could not bring an action against those who had under his coercion and direction committed a tortious act against the wife, she could not; that it was the intention of the Legislature, in the passage of the statute enlarging her rights, to give her the right to bring alone an action which she could formerly have brought by joining her husband, or which he could have brought alone in her

behalf; and that the statute, being in derogation of the common law, was to be strictly construed.

The Massachusetts statute differs from the Maine statute, and does not provide, as does the latter, that she may prosecute jointly with her husband suits in law or equity which she may prosecute alone. It authorizes a married woman to sue or be sued "in the same manner as if she were sole," with the further provision that it does not authorize suits between husband and wife, which is the only limitation placed upon her power to sue.

Even if her husband were negligent in calling out to the defendant that he should turn to the left, she had a right of action against the defendant.

[4] In McDonald v. Levenson, 238 Mass. 479, 131 N. E. 160, the plaintiff was riding with her husband in his automobile, driven by him, and was injured by a collision of his automobile with another. She brought an action against the driver of the other automobile. The court found that the collision was caused by the concurring negligence of the defendant and her husband, but a verdict obtained against the defendant was allowed to stand; the court having found that she was in the exercise of due care. It is apparent from this decision that the Supreme Judicial Court of Massachusetts has not construed its statute to deny the wife the right to bring an action against a third person because she was injured by his negligence, concurring with that of her husband.

In accordance with the alternative verdict, the judgment of the District Court is vacated, and the case is returned to that court, with instructions to enter judgment for the plaintiff in the sum of $4,000 and costs; the plaintiff in error to recover costs in this court.