## GALE v. INDEPENDENT TAXI OWNERS ASS'N, Inc., et al.

### No. 6502.

United States Court of Appeals for the District of Columbia.

Decided May 4, 1936.

Rehearing Denied May 25, 1936.

Alvin L. Newmyer, Jacob Halper, and David G. Bress, all of Washington, D. C., for appellant.

P. H. Marshall and Ringgold Hart, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a judgment against appellant in an action brought by her as plaintiff in the lower court, to recover damages because of injuries sustained by her in an automobile accident.

In the declaration the plaintiff alleged that the defendant the Independent Taxi Owners Association, Inc., maintained, controlled, and operated as a common carrier of passengers for hire in the District of Columbia certain taxicabs known as "Diamond Cabs," and was engaged with its members and associates under the trade name of "Diamond Cab Company" in the business of operating taxicabs in the District under the color design, advertisement, trade-name, and supervision of the defendant corporation; that at the same time the defendant Harry Dobkin was the owner of a certain taxicab known as a "Diamond Cab," bearing District of Columbia 1933 license tags number H–3223, and also bearing the color design and trade-name of the defendant corporation, which taxicab at the time in question was being operated in the custody and on the business of the defendants, who were engaged in a joint enterprise in the operation of the taxicab, in which enterprise each of the defendants had a pecuniary interest; that on July 1, 1933, plaintiff became a passenger for hire in the aforesaid taxicab of Dobkin's which was maintained, controlled, and operated by the defendants, as aforesaid; that the cab was then driven by plaintiff's orders in a northerly direction on Fourth Street N. E., at or near its intersection with Neal Street N. E., in the course of defendants' business by its agent; that the defendants were bound to exercise the highest degree of care in the control of the taxicab, but in violation of their duty defendants operated the taxicab in a careless, negligent, and reckless manner and by their agent drove at a reckless, unreasonable, and excessive speed, and at the northeast corner of Neal street turned the corner at an excessive and unreasonable rate of speed, causing the taxicab to pass over the sidewalk and into a deep depression on a vacant lot abutting it, causing the taxi to come to a sudden and violent stop when

it entered the depression, whereby the plaintiff was suddenly and violently hurled from her seat in the cab, inflicting severe personal injuries upon her, for which she prayed judgment in damages.

The defendant Independent Taxi Owners Association by its plea denied that it maintained, controlled, and operated taxicabs as a common carrier of passengers for hire in the District of Columbia, or that it was engaged with members and associates in the business of maintaining or assisting in maintaining and operating a fleet of taxicabs as alleged, or that the cab in question was being operated in the custody and on the business of the defendant corporation, or that defendant and its co-defendant, Harry Dobkin, were engaged in a joint enterprise as alleged; and denied that it had any pecuniary interest in such alleged joint enterprise; and denied that it violated any duty to plaintiff, or that it of itself or by any agent operated the cab in a negligent, careless, and reckless manner, or that any taxicab operated by an agent of this defendant turned the northeast corner of Fourth and Neal Streets N. E., at an excessive and unreasonable rate of speed or caused the taxicab to pass over the sidewalk and into a deep depression, or to come to a sudden and violent stop as in the declaration alleged. The defendant company denied that it or its agent was guilty of any negligence at the time and place alleged, or that any act or omission of itself or any of its agents caused or contributed to any of the injuries alleged to have been suffered by the plaintiff.

The defendant Harry Dobkin by plea denied that the taxicab in question was being operated in his custody or on his business, or that he or his codefendant, Independent Taxi Owners Association, were engaged in a joint enterprise in the operation of such taxicabs, or had any pecuniary interest in the alleged joint enterprise; and defendant denied that plaintiff became a passenger for hire in a taxicab owned, maintained, or operated by him in the course of defendants' business as set forth; or that he owed any duty to plaintiff in the operation of the taxicab in question; or that he by any agent operated the taxicab at an excessive rate of speed; or that in turning the northeast corner of Fourth and Neal streets caused the taxicab to pass over the sidewalk and into a depression as alleged, or caused the taxicab to come to a sudden and violent stop. The defendant denied that any act or omission of himself or any agent of his caused or contributed to any injury suffered by plaintiff.

The case was tried to the jury and resulted in a verdict for the defendants from which the present appeal was taken.

At the trial the plaintiff testified that she engaged the taxicab in question at a nearby stand; that the cab bore the color design and insignia of the Independent Taxi Owners Association and also the name "Diamond Cab"; that she ordered the driver to take her to the market at Fourth and Neal Streets N. E., and on arriving there the driver made a sharp turn at the corner, ran over the sidewalk and entered a ditch, causing her to be pitched out of her seat and onto the ·floor of the cab; that she did not think she was injured but asked the driver to call a policeman; that the driver came back and said that he could not find one, and he then took her to another part of the market and left her; that as he drove off she noted that the license tags on the cab bore the numbers H–3223, and she wrote this number in her memo book; that later her husband came and took her to a doctor; that she. suffered severe injuries which she described as a result of the accident. The plaintiff also testified that she could not identify the man (Bucci) brought by the police to her house, as the driver of the cab; and that he was not the man who drove the cab.

The Director of Traffic of the District testified that the license tags number H–3223 were assigned to the defendant Harry Dobkin.

Witness Terrell testified that the cab in which the plaintiff came to the market on the occasion in question bore the color design and insignia of the Independent Taxi Owners Association and was a Diamond Cab.

The president of the Independent Taxi Owners Association was called as a witness and described the organization and operations of that association.

The witness Bucci testified that on the day of the accident he had possession of the cab bearing license tags number H–3223 and that the cab was not the one in which the plaintiff was a passenger, nor was it driven in the neighborhood of the market on that day.

The defendant Dobkin as a witness testified that he was the owner of the cab

bearing license tags number H–3223; that it was operated on the day in question by Bucci; and that he had no personal knowledge of the accident.

At the close of the testimony the court was requested by the plaintiff to deliver four certain instructions to the jury, the first and fourth of which read as follows:

"[1] The jury are instructed that if you find upon a consideration of all the evidence in the case that the defendants, Independent Taxi Owners Association, Inc., and Harry Dobkin and others combined specially for the purpose of undertaking jointly a specific adventure for profit, without any actual partnership or corporate designation or for the purpose of carrying out a single business enterprise for profit, for which purpose they combined their property, money, effects, skill and knowledge, which purpose was to conduct a business of operating a fleet of taxicabs for the carrying of passengers for hire in the District of Columbia; that in carrying out such purpose one of them negligently caused the injury to the plaintiff, then your verdict shall be for the plaintiff against both defendants."

"[4] The jury are instructed as a matter of law that any person, company or association operating a taxicab for public use for the conveyance of persons within the District of Columbia for hire is a common carrier, and it is the duty of each common carrier to exercise the highest degree of care for the safety of persons who have been accepted and are being carried as passengers, and it is not necessary that a taxicab company should actually own taxicabs or carry passengers in order to be a common carrier for hire, it being sufficient if it owns or controls one of the instrumentalities essential in carrying on the business of carrying passengers for hire in the District of Columbia."

The court refused so to instruct the jury, and we think this was error.

In the case of Callas v. Independent Taxi Owners' Association, Inc., 62 App.D. C. 212, 66 F.(2d) 192, 194, in which the present defendant company was a party, we spoke as follows:

"But the charter of the company [Independent Taxi Owners Association, Inc.] was in evidence showing its authority to operate taxicabs; the car was operating as a taxicab at the time of the accident, bearing the peculiar colors and trade-name of the defendant company; and consequently was legally presumed to be in the custody and on the business of the person whose name it bore.

"Whether the effect of this presumption was overcome by the testimony of the president of the company that it did not own a cab, and his intimations that it was not in the cab business was a question of fact for the jury, and consequently its decision as a question of law by the court was error.

"'So far as the liability of the defendant was concerned, the plaintiffs' case rested wholly upon a presumption. There was no direct evidence as to who was the owner of the truck that inflicted the injury, nor as to who was in charge of it when the collision occurred. There was evidence, however, that the truck bore the name of the defendant company. This was sufficient to establish, not only a prima facies that the defendants were the owners of the truck, but also that it was then in charge of their servant or employee. This was presumptive evidence, and, as has frequently been ruled, was quite sufficient to carry the case to the jury.' Holzheimer et ux. v. Lit Brothers, 262 Pa. [150], 152, 105 A. 73, 74; Joyce v. Copel, 8 Car. & P. 785; Edgeworth v. Wood, 58 N.J.Law [463], 467, 33 A. 940; Vonderhorst B. Co. v. Amrhine, 98 Md. 406, 56 A. 833; Geiselman v. Schmidt, 106 Md. 580, 68 A. 202; Barz v. Fleischmann Yeast Co., 308 Mo. 288, 271 S.W. 361; Shaughnessy v. Director General of Railroads, 274 Pa. [413], 415, 118 A. 390, 23 A.L.R. 1211."

See, also, Simmons v. Brooks, 63 App. D.C. 293, 72 F.(2d) 86, and Simon v. City Cab Co., 64 App.D.C. 364, 78 F.(2d) 506.

As to the degree of care required of taxicabs operating as common carriers, which is set out in the fourth instruction, supra, we may say that in our opinion the instruction was plainly correct.

At the close of the testimony the court at the request of the defendant delivered the following instruction to the jury: "You are instructed that in this case you cannot find a verdict against one defendant and for the other. Unless you find from a preponderance of the evidence that plaintiffs are entitled to verdicts against both defendants, then your verdicts must be for the defendants."

In our opinion the court erred in delivering this instruction to the jury. The defendants were charged with the commission of a joint tort whereby the plaintiff was injured. An action for such a cause may be brought against any one of several joint tort-feasors without joining the others, and correspondingly in an action brought against all of the joint tort-feasors judgment may be rendered against any one of them to the exclusion of the others. In the present case the taxicab company might have been responsible for the operation of the taxicab if it were not driven by Dobkin or Dobkin's driver but by another driver for whom the company might be responsible. The defendant corporation might be liable in case it appeared that the cab in question was in its custody and on its business even though the name of the driver or number of the cab was not correctly stated in the declaration nor by the plaintiff when testifying as a witness. 26 R.C.L. § 13, p. 763.

This would not imply a variance in the case to the prejudice of the defendant corporation, since the defendant in its plea denied that the car in question was driven by any of its agents. This charge was excepted to and was assigned as error by the appellants.

Accordingly we reverse the judgment of the lower court, with costs, and remand the cause for further proceedings not inconsistent herewith.