## EWALD v. LANE et al.
### No. 7147.

United States Court of Appeals for the District of Columbia.

Decided March 13, 1939.

Eldridge Hood Young, of Baltimore, Md., and William J. Rowan, of Washington, D. C., for appellant.

H. M. Welch, of Washington, D. C., for appellee Lane.

Herbert R. Grossman and Melba Goodman, both of Washington, D. C., for appellees Emma J. Beuchert and John C. Ewald, Jr.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

EDGERTON, Associate Justice.

Plaintiff, a married woman, charges that the defendants conspired to defame her by causing a false charge of adultery to be made against her in a divorce suit. Like conduct has been held actionable as defamation. Rice v. Coolidge, 121 Mass. 393, 23 Am.Rep. 279. The District of Columbia Code[1] subjects to criminal prosecution and civil action one who "wrongfully accuses any woman of unchastity." Irrespective of the principles of defamation, this statute covers the type of conduct charged here. But one of the defendants is plaintiff's husband. The District Court sustained demurrers on the part of the husband and two of his co-defendants. Plaintiff now concedes that her action cannot be maintained against her husband. Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann.Cas. 921. The question on this appeal is whether the court was right in sustaining the demurrers of the other defendants.

The mere fact that the plaintiff charged her husband and the others as co-conspirators instead of suing the others separately is not fatal to her case against them. If the plaintiff could have recovered against the other defendants in a sepa-

[1] Tit. 6, Sec. 41, 31 Stat. 1323, c. 854, Sec. 818.

rate suit, she can recover here. The complaint charges, among other things, that they (not including the husband) induced one Berry to assert falsely that the plaintiff had committed adultery with him, and that each of the defendants (including, grammatically, the husband) had the husband use the false charge in a divorce suit. "The alleged conspiracy or combination is not one of the elements of the cause of action. That is not created by the conspiracy, but by the wrongful acts done by the defendants to the injury of the plaintiff." Rice v. Coolidge, 121 Mass. 393, 394, 23 Am.Rep. 279. An action may be maintained against any of several joint tortfeasors without joining the others, and in an action against all judgment may be rendered against any. Gale v. Independent Taxi Owners Association, 65 App.D.C. 396, 84 F.2d 249.

▮▮▮ The question, then, is whether a wife can sue persons who join with her husband in committing a personal tort to her. At common law she could not. The obvious reason was procedural. A wife, at common law, could sue no one without joining her husband as plaintiff. "The action must have been in the name of the husband and wife, and the husband would have sued to recover damages for an injury actually committed by himself."[2] Moreover, at common law "the damages recoverable in an action would have belonged to him and not to her."[3] These difficulties have now been removed by statute. The Code of the District provides that: "Married women shall have power * * * to sue separately * * * for torts committed against them, as fully and freely as if they were unmarried."[4] This statute seems, on its face, clearly broad enough to permit a wife to sue persons who cooperate with her husband in committing a tort.

There appears to be a dearth of authority on the precise point,[5] perhaps because the answer is obvious; but a related question has arisen frequently. A married woman sues her husband's employer for personal injuries caused by the husband's negligent driving in the course of the employer's business. Recovery is sometimes denied,[6] but more often it is permitted. The leading case allowing recovery is Schubert v. August Schubert Wagon Company, in which the opinion was written by Justice Cardozo, then Chief Judge of the New York Court of Appeals.[7] He reasoned that the husband's act, though it subjected him to no civil liability, was "unlawful." It may be objected that if the servant is not civilly liable he has committed no civil wrong, and that if he has committed no civil wrong his master should not be liable, since the master has done no act in the premises and is answerable, if at all, on respondeat superior. It has been said that the doctrine of the Schubert case reflects a "desire to avoid the logical

---

[2] Abbott v. Abbott, 67 Me. 304, 308, 24 Am.Rep. 27.

[3] Id. 67 Me. page 309, 24 Am.Rep. 27.

[4] Tit. 14, § 43, 31 Stat. 1374, c. 854, § 1155.

[5] Many years ago the Supreme Court of Maine, in the presence of a similar statute, declined to allow the wife to maintain the suit. Libby v. Berry, 74 Me. 286, 43 Am.Rep. 589.

In Pepper v. Morrill, 1 Cir., 24 F.2d 320, 57 A.L.R. 750, husband and wife were riding in a car driven by defendant as the husband's agent; she was injured, and was allowed to hold the negligent agent, whether or not negligent conduct of the husband contributed to the accident.

In Burns v. Kirkpatrick, 91 Mich. 364, 51 N.W. 893, 30 Am.St.Rep. 485, a husband was allowed to recover against one who cooperated with the wife in carrying off the husband's goods.

Cf. Liability of person acting under authority of one spouse for injury to other spouse, 57 A.L.R. 755.

[6] Sacknoff v. Sacknoff, 131 Me. 280, 161 A. 669; Maine v. James Maine & Sons Co., 198 Iowa 1278, 201 N.W. 20, 37 A. L.R. 161; Riser v. Riser, 240 Mich. 402, 215 N.W. 290; Emerson v. Western Seed & Irrigation Company, 116 Neb. 180, 216 N.W. 297, 56 A.L.R. 327.

[7] 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293. Accord, Poulin v. Graham, 102 Vt. 307, 147 A. 698; Miller v. J. A. Tyrholm & Company, 196 Minn. 438, 265 N.W. 324; Koontz v. Messer, 320 Pa. 487, 181 A. 792; Hensel v. Hensel Yellow Cab Co., Inc., 209 Wis. 489, 245 N.W. 159; Restatement of Agency, § 217, comment b. Cf. Metropolitan Life Insurance Company v. Huff, 128 Ohio St. 469, 191 N. E. 761 (reversing 48 Ohio App. 412, 194 N.E. 429); McLaurin v. McLaurin Furniture Company, 166 Miss. 180, 146 So. 877. Similarly, recovery has been allowed against the employer when the negligent agent was plaintiff's infant son, Smith v. Smith, 116 W.Va. 230, 179 S.E. 812; or infant plaintiff's father, Chase v. New Haven Waste Material Corp., 111 Conn. 377, 150 A. 107, 68 A.L.R. 1497.

consequences of a settled but antiquated rule."[8]

■ But the case for the present plaintiff is subject to no such criticism. In the Schubert situation no one has acted but the husband; in the present case, on the other hand, each defendant took part in the process of calumny. The question in the Schubert case is whether to hold a third party for the act of the husband, but here the question is whether to hold third parties for their own acts. If the Schubert case is right, clearly the present plaintiff is entitled to recover; but even a court which rejected the doctrine of the Schubert case might well permit recovery here.[9] When both A and B act, even if A's action consists in inducing B to act, the fact that the law gives an immunity to B need not make A immune. A may be liable for inducing the action of a lunatic, or a policeman, or a witness, or an ambassador, or a husband, though the act induced is within the agent's privilege. Whether to extend the privilege, in any particular type of case, to the initiator of the agent's act is a pure question of policy. "The perjured witness and the one who suborns him are joint tortfeasors, acting in conspiracy or combination to injure the party defamed. The fact that one of them is protected from a civil suit by a personal privilege does not exempt the other joint tortfeasor from such suit."[10] Moreover, in the present case the defendants not only induced the husband to act, but induced Berry to act.

As the old procedural requirement of joinder is gone, and the old substantive right of the husband to enforce for his own benefit claims belonging to his wife is also gone, no intelligible reason remains for conferring upon third parties the immunity of a husband. If outsiders jointly wrong a married woman, she may sue them.

There is nothing in the Code or in the nature of things to suggest that they become immune if they induce her husband to join them. If they were given immunity, they would receive a windfall which they have done nothing to deserve. No interest would be served except the interest of tort-feasors in escaping responsibility. The reasons, such as they are, which have been urged for preserving the immunity of husbands do not apply here; it cannot be urged that suits against third persons will destroy whatever modicum of harmony may survive between contending spouses, or that the parties are in such close and constant contact that collisions are inevitable and should be privileged, or that the plaintiff has a remedy against the defendants in a suit for divorce or separation.

The District Court infers from language in Thompson v. Thompson[11] that the present suit cannot be maintained. In the Thompson case four Justices out of seven[12] decided that our statute did not enable a wife to sue her husband for a tort. The District Court relies on the following sentence in the prevailing opinion: "The statute was not intended to give a right of action as against the husband, but to allow the wife, in her own name, to maintain actions of tort which at common law must be brought in the joint names of herself and husband."[13] Actions against third parties who cooperate with the husband in committing a tort to the wife were not among those "which at common law must be brought in the joint names" of husband and wife, since at common law such actions could not be brought at all. It is therefore possible to interpret the final clause of the quoted sentence as a dictum that no such action can be brought today. But it is an implicit and unconscious dictum, if any,

[8] 42 Harv.L.Rev. 697, 698.

[9] "If the servant is not liable, then the principal cannot be unless he was directly connected with or directed the actions of the servant and was thereby primarily liable as an active joint tort-feasor." Meece v. Holland Furnace Company, 269 Ill.App. 164, 174. In the present case, the defendants were "directly connected with or directed" the tort.

It is sometimes urged against the Schubert doctrine that after the wife recovers from the employer he may recover against the employee-husband, with the same net effect as if the wife herself had been permitted to sue the husband. No such objection is available against the present suit. As the husband here is no more culpable than the other defendants, they can recover no contribution or indemnity against him. Curtis v. Welker, 54 App. D.C. 272, 296 F. 1019.

[10] Rice v. Coolidge, 121 Mass. 393, 396, 23 Am.Rep. 279.

[11] 218 U.S. 611, 31 S.Ct. 111, 54 L. Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann. Cas. 921.

[12] The opinion was written by Justice Day and concurred in by Justices White, McKenna and Lurton. Justices Holmes and Hughes concurred in Justice Harlan's dissent.

[13] 218 U.S. 611, 617, 31 S.Ct. 111, 112, 54 L.Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann.Cas. 921.

and we think it should not be magnified into a rule. The Court did not say that the statute was intended to allow the wife to maintain the actions mentioned *and was intended to have no other effect under any circumstances.* Only when the italicized words, or others like them, are read into the quoted sentence does it become a dictum favorable to the present defendants. The Court made no attempt to catalogue all the consequences which the statute might produce. It had no occasion to consider the question which we have to decide, and not a word in either the prevailing or the dissenting opinion suggests that it did consider that question. It spoke only of two types of action: (1) the action against the husband, with which it was confronted, and (2) actions which at common law must be brought in the joint names of husband and wife. We are dealing with an action of a third type. Moreover, the logic of the prevailing opinion in Thompson v. Thompson is definitely favorable to the present suit. The opinion reasoned that it was not the intention of Congress "to revolutionize the law governing the relation of husband and wife as between themselves."[14] Here, no change in that relation is involved. And to say that the statute was intended "to allow the wife, in her own name, to maintain actions of tort which at common law must be brought in the joint names of herself and husband," is to say that the primary purpose of the statute was to remove procedural obstacles from the wife's path. We have pointed out that the present type of action was barred, at common law, by the procedural requirement of joinder.

Reversed.

---

[14] 218 U.S. 611, 619, 31 S.Ct. 111, 54 L.Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann.Cas. 921.