### JAMES G. RICHARDSON *v.* J. E. EMSWILER et al.

A preëmptor under the Act of Congress approved March, 1851, entitled " An Act for the settlement of certain classes of land claims within the limits of the Baron de Bastrop Grant, and for allowing preëmptions to certain actual settlers, in the event of the final adjudication of the title of the said *De Bastrop* in favor of the United States," may either sell or mortgage the land after its purchase from the General Government, as in ordinary cases, there being in the Act no restriction of his right to do so.

Laws in the restraint of trade, or the alienation of property, are strictly construed, and are never extended to cases not within the express will of the law-maker.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiff. *Todd & Brigham*, for defendants and appellants.

LAND, J. This is a suit against the maker of a promissory note, secured by special mortgage on a tract of land, and also an hypothecary action against *L. P. Speaker*, third possessor of the mortgaged premises.

There was judgment in favor of plaintiff, and the third possessor has alone appealed.

His defence urged in this court is set forth in his supplemental answer, as follows, to-wit : " that the only title the said *Jno. E. Emswiler* ever pretended to hold to said land, upon which a mortgage is claimed in this suit, was under a right of preëmption from the General Gevernment, under a settlement ; that no patent had ever issued to said *Emswiler* for said land at the time the said pretended mortgage was executed, and that, therefore, the said land was not, at the time susceptible of being mortgaged ; and that said alleged mortgage is consequently a nullity."

The mortgagor purchased the land in question from the United States Government, under and by virtue of the fifth section of an Act of Congress, approved March 3d, 1851, which is in these words :

" That in the event of a final adjudication in favor of the United States, of the Bastrop claim, as contemplated by the first section of this Act, every *bona fide* settler on any part of said land, at the time of the extension of the public survey over the same, who is a man of family, widow, or single man over twenty-one years of age, and an actual house-keeper thereon, and who, but for the reservation heretofore made of said land for the claim of the said *Bastrop*, would have been entitled to a right of preëmption under some one of the preëmption laws, be, and he is hereby authorized to enter the quarter section he resided on, or by adjoining legal subdivisions, so as to include his residence, and land cultivated or improved, any number of acres not to exceed one hundred and sixty acres, upon making

proof of such settlement, house-keeping, &c., to the satisfaction of the Register and Receiver, as in ordinary cases, at any time within a year after the public surveys are so extended over said land.  See Acts of Congress, 1851, p. 598.

The appellant contends, that the purchaser of the land *was a preëmptor*, and could neither assign nor transfer his right of preëmption prior to the issuing of the patent by the General Government; and that as the land was not subject to alienation before the fee had passed out of the General Government, it was not susceptible of mortgage under Art. 3256 of the Civil Code, which declares that immovables subject to alienation, and their accessories, likewise considered as immovables, are alone susceptible of mortgage.

It is true, that the Prescription Act of 1841 declares all assignments and transfers of land by the preëmptor, prior to the issuance of the patent, null and void. The preëmptor in this case, however, did not acquire the land under the Preëmption Act of 1841, but under the Act of 1851, which contains no such provision, declaring the assignment or sale of the land prior to the vestiture of the fee simple, by patent, in the preëmptor, null and void.  And as this restraint on the power of alienation is omitted in the Act of 1851, the presumption is, that such was the intention of the lawgiver, and as a consequence, the preëmptor had a right either to sell or mortgage the land after its purchase from the General Government, as in ordinary cases.

Laws in the restraint of trade, or the alienation of property, are strictly construed, and are never extended to cases not within the express will of the lawmaker.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.