CHARLES A. WHITE v. MIAMI HOME MILK PRODUCERS ASSOCIATION and E. J. MELTON and B. F. THOMPSON.

197 So. 125

Division A

Opinion Filed June 21, 1940

Rehearing Denied July 12, 1940

*Knight & Green,* for Plaintiff in Error;

*George L. Patterson,* for Defendants in Error.

THOMAS, J.—Plaintiff and defendants in error were plaintiff and defendants, respectively, in the trial court and will, for the sake of brevity, be designated in this opinion by these original titles.

The declaration charged, in the first count, that the defendant association through its agents, the individual defendants, with malice and without probable cause, complained to the county solicitor that the plaintiff embezzled money from the association and caused an information to be filed and a warrant to be issued resulting in the incarceration of defendant that he was tried and found not guilty.

The second count contained allegations that the defendant association by its agents caused the defendant to be wrongfully detained of his liberty.

In the third count it was averred that the association by the individuals "* * * maliciously conspired and confederated (with the individuals) to maliciously prosecute the plaintiff so as to injure him in his name and reputation and cause him to lose the position held by him * * *;" that to consummate the plan the association through its agents and without reason or probable cause made the complaint in the manner and with the result appearing from our analysis of the first count.

Damages were sought for loss of work, reputation, credit, and injury to mind, body and business.

The three counts, respectively, were calculated to present cases of malicious prosecution, false imprisonment and conspiracy.

One hundred and fifty-nine pleas were filed but by an order of the court on demurrers to them the number was reduced to eighteen, i.e., nine of "not guilty;" three on the part of the association denying any authority of the co-defendants to act in its behalf; six to the first and third counts, asserting that the pleader did no more than fairly present facts to the solicitor who was then "* * * left * * * to act upon his own judgment * * *."

At the conclusion of the plaintiff's testimony the court granted the defendant's motion for a directed verdict, observing that elements indispensable to a recovery had not been proven, namely, want of probable cause and wrongful arrest.

A general account was given by the plaintiff of the various positions he had held over a long period of time and of his employment with the defendant association. In his story he told of a feeling of animosity which had developed between himself and one of the individual defendants and of the sympathy which was shown him by the manager of

the company who subsequently gave him a letter of recommendation for his use in securing other employment.

He was first arrested by city police and detained for nearly two days. The second day after his release on bond he was apprehended on a capias issued by the Criminal Court of Record based on an information charging embezzlement. The information bore the affidavit of the acting solicitor that it was founded on sworn facts which if true constituted the offense alleged. Names of the witnesses appearing on the information did not include those of the defendants.

Clearly a necessary ingredient of the charge of malicious prosecution is malice, a fact to be proven by the plaintiff and although it may be inferred from want of probable cause these elements are not synonymous.

We think that there was failure of the plaintiff in his undertaking to establish malice on the part of the defendants as he had alleged. There was some testimony of ill feeling on the ·part of one of the individual defendants but the evidence of this condition could hardly be dignified as proof that all of them acted maliciously. As we have pointed out, the names of the individual defendants were not· listed as witnesses for the State on the information filed by the county solicitor and there was no definite proof that they furnished any information to the prosecuting officer. Although the manager's name appeared on the roll of witnesses, it was established by the plaintiff that this representative of the association, who was the only officer it referred to in the testimony as having any connection with this transaction, was sympathetic throughout. Moreover there was failure on the part of the plaintiff to meet the burden cast upon him by the third plea of the association denying any authorization of the individual defendants to act on its

part as alleged under the first count charging malicious prosecution.

This court, in Kress & Co. v. Powell, 132 Fla. 471, 180 South. Rep. 757, decided that three elements must be established by the plaintiff in order to justify his recovery for malicious prosecution: malice, want of probable cause and conclusion of prosecution in plaintiff's favor. The last one named he proved in this case but failed in his efforts to establish the others.

We pass to the second count charging false arrest and imprisonment where, under Kress & Co. v. Powell, *supra,* a showing of probable cause fell to the defendant's lot, malice was relevant only to the issue of damages, termination of the prosecution was not material and the arrest could not have been false if legally authorized.

Following the rule, we apprehend that the facts upon which plaintiff relied would be limited under this, the second count of the declaration, to the arrest by police and that the subsequent detention under the capias bore no relevancy to this particular aspect of the case.

Here, again, the plaintiff alleged an unlawful act on the part of the association through its duly authorized agents and the third plea as we have said made their authority an issue which was not fully met by the evidence. There is no need to write more about this deficiency in proof or the dearth of evidence to show the unlawful arrest in the manner alleged as was incumbent on the plaintiff under the plea of not guilty.

In the last count it was asserted briefly that the association by its agents, the individuals, conspired with these same persons to prosecute maliciously the plaintiff. These allegations the plaintiff undertook to prove as he was bound to do under the first and third pleas of the company and the first plea of the other two defendants. The only additional

observation needed to dispose of the phase of the controversy apropos the conspiracy is that there is no tangible proof of it or, as we have said before, the authority of the alleged agents, averred as in the other counts and placed in issue by the plea numbered three.

It will be noted that our discussion has not included any statements with reference to the fifteenth pleas to the first count and the seventeenth pleas to the third count, which we have purposely ignored in the interest of brevity.

In conclusion we refer to the criticism of the judge's remarks when he granted the motion for an instructed verdict. It is true that all he said was not applicable to all of the complex issues, but everything he stated was applicable to some aspect of the litigation and his ultimate action in instructing the jury to sign a verdict of not guilty was fully justified by the law and what he had heard from the witness stand. His position that an affirmative instruction should be given when it appears that any other verdict would have to be set aside is to be commended. When a judge is of that frame of mind he should assume the responsibility of ordering the verdict entered which he feels is the only one properly reached in the case.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.