**MENNEN CO. v. KRAUSS CO., Ltd.**

No. 503.

District Court, E. D. Louisiana, New Orleans Division.

March 3, 1941.

E. Howard McCaleb, of New Orleans, La., for plaintiff.

Milling, Godchaux, Saal & Milling and L. K. Benson, all of New Orleans, La., for defendant.

BORAH, District Judge.

Alleging that defendant had violated Act 13 of the Legislature of Louisiana for the year 1936, commonly known as the Fair Trade Act, plaintiff, a manufacturer or producer of products which bear its trade mark, brand or name, brought this suit to restrain defendant from selling its products at retail for prices less than the minimum prices prescribed by plaintiff in schedules issued in connection with contracts which plaintiff made with 112 retail dealers operating stores in the State of Louisiana.

Upon the filing of the complaint and on motion of counsel for complainant a rule nisi issued herein to show cause why an interlocutory injunction should not be granted. After a hearing an interlocutory injunction was issued without opposition in order that the matter might remain in status quo pending a decision on the merits. Subsequently the defendant filed a motion to dismiss and an answer alleging that Act 13 of 1936 is unconstitutional, null and void in that said Act violates Section 14 of Article XIX of the Louisiana Constitution of 1921 which prohibits combinations in restraint of trade. Further answering in the alternative, and in the event that the Court should hold that Act 13 of 1936 is not un-

constitutional, defendant alleges that plaintiff is still not entitled to the relief which it seeks for the reason that the contracts which plaintiff made with other dealers and which plaintiff asserts are binding on defendant do not comply with the provisions of Act 13 of 1936, are not protected thereby, and hence constitute prohibited combinations in restraint of trade, in violation of Section 14 of Article XIX of the Louisiana Constitution for the year 1921, and of Act 11 of the Extra Session of the Legislature of Louisiana for the year 1915 and of Act 90 of the Regular Session of the Legislature of Louisiana for the year 1892.

The answer also sets up by way of counterclaim that certain false, malicious and untrue averments contained in the bill of complaint having no relevancy or pertinency to the subject matter of this suit constitute a libel of defendant and its business and have damaged defendant to the extent of $10,000, and judgment for said amount against plaintiff is prayed.

Reserving for later independent discussion the questions which arise in connection with defendant's counterclaim for damages it is apparent from the foregoing that there are only two issues involved in this case. There are no issues of fact.

This case was tried on an agreed statement of facts with reservation of the right to the parties to present additional evidence. Agreeable to the stipulation oral testimony was offered and received; however, this additional evidence did not alter, modify or enlarge in any material respect the stipulation on file.

### Findings of Fact.

Briefly stated, the material facts are these:

1. Mennen Company sells and distributes within the State of Louisiana certain commodities produced by it and which bear its trade mark, brand or name and the said products or commodities are in fair and open competition with commodities of the same general class produced by others.

2. After the adoption of Act 13 of the Louisiana Legislature of 1936, plaintiff entered into contracts with 112 retail dealers in the State of Louisiana in respect to commodities produced by it in which the buyer agreed not to resell said products below the current retail minimum price list effective November 1, 1937. Defendant has never entered into any such contract or similar contract with plaintiff or anyone else, nor has it agreed to maintain any retail price or minimum retail price in respect to any retail sales made by it of any products produced by the Mennen Company.

3. During the years 1936, 1937 and up to the present time plaintiff caused to be circularized among all retailers of drugs, cosmetics and similar products retail minimum price lists. Each and all of said retail minimum price lists contained the following:

"Note—Whether or not you have signed contracts with respect to these products you cannot sell below the minimum prices listed below without violating Section 2 of Act No. 13 of 1936, which provides 'Section 2. Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of Section 1 of this Act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby.' "

4. Notwithstanding these notices defendant with full knowledge of the contracts sold at retail identified products produced by plaintiff at prices which defendant considered acceptable to itself, regardless of whether such prices were below the minimum prices specified by plaintiff in said price lists.

5. That until restrained by the Court defendant had advertised, offered for sale and sold at retail to the consuming public of the city of New Orleans, the commodities and products bearing plaintiff's marks, names, brands and labels, below the minimum prices which the plaintiff had prescribed.

6. That the plaintiff's products purchased by and delivered to defendant direct from plaintiff is or was the property of defendant at the time of such retail sales but the trade marks, name and good will remained the property of plaintiff.

### Discussion.

Section 1 of Act 86 of the Legislature of Louisiana for the year 1890 provides that "Every contract * * * in restraint of trade * * * is hereby declared illegal."

Section 1 of Act 90 of the Legislature of Louisiana for the year 1892 provides: "Section 1. Be it enacted by the General Assembly of the State of Louisiana; That after the passage of this Act it shall be unlawful for any individual, firm, company,

corporation or association to enter into, continue or maintain any combination, agreement or arrangement of any kind, expressed or implied, with any other individual, firm, company, association or corporation for any of the following purposes; First; to create or carry out restrictions in trade. Second; to limit or reduce the production, or increase or reduce the price of merchandise, produce or commodities. Third; To prevent competition in manufacture, making, transportation, sale or purchase of merchandise, produce or commodities. Fourth; To fix at any standard or figure, whereby its price shall be in any manner controlled or established, any article of merchandise, produce, commodity or commerce intended for consumption in this State. Fifth; To make or enter into or execute or carry out any contract, obligation or agreement of any kind or description by which they shall bind or have bound themselves not to sell, dispose of, or transport any article or commodity or article of trade, use, merchandise, commerce, or consumption below a common standard figure, or by which they shall agree in any manner to keep the price of such article, at a fixed or graduated figure, or by which they shall in any manner establish or settle the price of any article or commodity or transportation between them or themselves and others to preclude a free and unrestricted competition among themselves, or others, in the sale or transportation of any such article or commodity, * * *."

In the light of the foregoing provisions it is plain that the contracts between plaintiff and others are illegal, null and void in Louisiana unless they are made legal by the Fair Trade Act. Such being the situation the natural inquiry is, do said contracts come within the expressed will of the lawmakers? Plaintiff must show that the contracts which form the basis of this action are within the expressed will of the lawmakers for the Louisiana Fair Trade Act being in derogation of common right must be strictly construed. The Act cannot be extended by implication so as to include contracts not coming within its terms. Richardson v. Emswiler, 14 La. Ann. 658, 659; Ketteringham v. Eureka Homestead Society, 140 La. 176, 181, 72 So. 916; Red River Construction Co. v. Pierce Petroleum Corporation, 165 La. 565, 569, 115 So. 752.

Act 13 of 1936 does not permit or legalize a contract of the verbiage of the contract alleged upon in this action. The contract which is made the basis of this action is entitled "Retail Fair Trade Sales Agreement" and it provides that, "The retailer will not, in said state, advertise, offer for sale, sell or resell any Mennen Commodity, from whomsoever purchased by the retailer, at a price *less than the minimum retail sale or resale prices* in effect at the time of the sale for such Mennen Commodity." (Italics supplied.) The Legislature of Louisiana in adopting Act 13 of 1936 did not legalize contracts providing that the retailer would not sell "at a price less than the minimum retail price or resale prices", on the contrary it permitted only contracts which provide that the buyer will not resell the commodity "except at the price stipulated by the vendor". These two quoted phrases do not mean one and the same thing. To reach that conclusion is to confuse both thought and meaning and ignore the plain import of the words "minimum" and "stipulate". The word minimum is defined in the Century Dictionary as meaning "of the smallest possible amount or degree; least; smallest; as, a minimum charge"; whereas stipulate is defined as meaning "to arrange or settle definitely, or by special mention and agreement, or as a special condition: as, it is stipulated that A shall pay 5 per cent." It is reasonable to assume that the lawmakers acted advisedly in selecting the language "except at the price stipulated by the vendor" for when Act 13 of 1936 was being considered thirteen states had already enacted fair trade acts some of which provided for sales at the price stipulated by the vendor and some of which provided for sales at not less than the minimum price stipulated by the seller. Furthermore, at that time the courts had interpreted the phrases, "stipulated price" and "minimum price" and clearly defined the differences therein. Town of Lonoke v. Bransford & Son, 141 Ark. 18, 216 S.W. 38; Brown v. Baker, 108 Wash. 161, 183 P. 89. In enacting Act 13 of 1936 in its present form the lawmakers were undoubtedly of the opinion that if the retailers' right to sell his merchandise at such price as he saw fit was to be limited, it should only be limited if every retailer should be compelled to sell the commodity at exactly the same price. In circumscribing the right of the retailer to price his own merchandise language was embodied in the Act clearly indicating that they did not consider it wise to permit a variety of prices for any given commodity, with the

only limitation being that the price should not be less than a prescribed minimum. When the Legislature of Louisiana adopted Act 13 of 1936 legalizing contracts which provide that the buyer will not resell the commodity "except at the price stipulated by the vendor" it is presumed that they meant what was said and this language cannot be extended by implication to include contracts which provide that the retailer will not resell the commodity "at a price less than the minimum retail sale or resale prices, in effect at the time of the sale for such commodity". Having reached the conclusion that the contracts which are made the basis of this suit are not such contracts as are within the permissive provisions of Act 13 of 1936, there is no necessity for determining whether or not said Act is constitutional.

█ Plaintiff's motion to dismiss the counterclaim of defendant presents the remaining issue for consideration. The question thus presented does not require extended discussion. It is well established in the law of Louisiana that an action for libel based upon alleged defamatory pleadings in the course of a judicial proceeding may not be maintained until the termination of the judicial proceeding, where as here the parties to the libel action are the very same parties in the judicial proceedings. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663; Wolf v. Royal Ins. Co. et al., 130 La. 679, 58 So. 507; Manuel v. Deshotels et al., 160 La. 652, 107 So. 478; Robinson Mercantile Co. v. Freeman, La.App.1937, 172 So. 797. See also Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708.

██ The claim for libel comes in esse only after the litigant making the charges has been given an opportunity to prove them in the suit in which they are made. Howard v. Coyle, 163 La. 257, 111 So. 697. And since defendant's cause of action for libel cannot accrue until after the termination of the instant proceeding it follows that defendant's counterclaim should be dismissed.

### Conclusions of Law.

1. The contracts between plaintiff and others which are made the basis of this suit do not comply with the provisions of Act 13 of the Legislature of Louisiana for the year 1936, are not protected thereby and are illegal, null and void under the specific provisions of Act 86 of the Legislature of Louisiana for the year 1890 and Act 90 of the Legislature of Louisiana for the year 1892.

2. There should be judgment herein in favor of defendant and against the plaintiff recalling the interlocutory injunction herein and rejecting and dismissing plaintiff's demands.

3. Defendant's counterclaim for damages fails to state a claim upon which relief can be granted because the cause of action for libel cannot accrue until after the termination of the instant proceeding. The defendant's counterclaim should accordingly be dismissed.

The Clerk is instructed to enter judgment in accordance with these conclusions.