Louis Payne, Respondent, v. Hallam M. Richardson, Appellant.— Order denying defendant's motion to vacate the amended complaint and orders dated August 24, 1940, and October 4, 1940, respectively, affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

David A. Posner, Respondent, v. Hyman Greenspan and Others, Appellants.— Action to recover for damages caused by a conspiracy to impair or destroy plaintiff's lien on real property. Judgment entered on a verdict directed in favor of plaintiff reversed on the law and the facts, and a new trial granted as to all defendants except defendant Gussie Stern, costs to abide the event. As to defendant Gussie Stern, the judgment is reversed on the law, with costs, and the complaint dismissed on the law, with costs. There is abundant proof in the record from which it may be found that for the purpose of destroying or impairing plaintiff's lien on the judgment debtor's real property a fraudulent conspiracy was entered into and executed to purchase and foreclose the mortgages on the realty. The motive behind a conspiracy does not make it actionable if in furtherance of the conspiracy only legal acts were performed. (*Beardsley* v. *Kilmer*, 236 N. Y. 80; *Dorff* v. *Bornstein*, 277 id. 236.) It is otherwise when in furtherance of the conspiracy a fraud is perpetrated upon the court that granted the judgment of foreclosure. If, as alleged in the complaint, appellants, or some of them, intended to lead the court into believing that the plaintiff had been served in the foreclosure action, when such was not the fact, an actionable tort was committed. The jury should have been permitted to pass on that issue. It is no bar to the maintenance of the action that plaintiff could move in the foreclosure action to re-establish his lien. As to appellant Gussie Stern, there is no evidence that she had knowledge of or participated in the conspiracy. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

Antoinette Provenzano and John Provenzano, Plaintiffs, v. Rebecca Nadelstein, Respondent, and The Ætna Casualty and Surety Company, Appellant.— In an action to recover damages for personal injuries allegedly sustained by the plaintiff-wife through the negligence of respondent, and by her husband for medical expenses and loss of services, order denying appellant's motion to vacate an order of impleader, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, upon the authority of *Kromback* v. *Killian* (215 App. Div. 19). Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

The People of the State of New York, Respondent, v. Leonard L. Kugler, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting him of the crime of assault in the third degree. Judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

The People of the State of New York, Respondent, v. Nicholas E. Ryan, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting defendant of operating a motor vehicle on a public highway while intoxicated, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.