### BURNS v. SPILLER et al.

#### Civ. No. 24163.

District Court of the United States for the District of Columbia.

March 31, 1945.

Walter W. Burns, of Washington, D. C., pro se.

Edward M. Curran, U. S. Atty., and Daniel B. Maher, Asst. U. S. Atty., both of Washington, D. C., for defendants.

PINE, Associate Justice.

On May 6, 1944, plaintiff filed this action against nine defendants. Two have been served, namely Stewart M. Grayson and Arlington A. McCallum. These two have moved to dismiss on the ground that "The complaint alleges a conspiracy, but fails to state any tortious acts on the part of the defendants in violation of the plaintiff's rights or in connection with the alleged conspiracy."

The complaint consists of 32 legal-size typewritten pages. It is in contravention of Rule 8(a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that "A pleading which sets forth·a claim for relief * * * shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief." It also is in contravention of Rule 8(e), Federal Rules of Civil Procedure, which provides that "Each averment of a pleading shall be simple, concise, and direct." A large part of the complaint is made up of evidentiary matter.

Plaintiff alleges that he brings this suit against the defendants "as members of conspiracies, against plaintiff, to first have plaintiff declared insane and later when this attempt failed, to deprive plaintiff of rights assured plaintiff by and under the provisions of the Constitution of the United States." His alleged grievances relate mainly to certain experiences as a Colonel in the army of the United States during the year 1941. The gist of the civil action of conspiracy is the overt or tortious act complained of.[1] Looking through the complaint, I find no tortious acts alleged, with the exception of certain alleged slanderous statements, which are both privileged[2] and barred by the statute of limitations.[3]

The motion to dismiss is therefore granted.

---

[1] Nalle v. Oyster, 1913, 230 U.S. 165, 183, 33 S.Ct. 1043, 57 L.Ed. 1439; Ewald v. Lane, 1930, 70 App.D.C. 89, 104 F.2d 222, 223; certiorari denied 308 U.S. 568, 60 S.Ct. 81, 84 L.Ed. 477; Hansen v. Nicoll, 1913, 40 App.D.C. 228, 236, Ann. Cas.1914C, 759; State of Missouri v. Fidelity & Casualty Co., 8 Cir., 1939, 107 F.2d 343, 348; Lewis Invisible Stitch Machine Co. v. Columbia Machine Corporation, 2 Cir., 1936, 80 F.2d 862, 864; Sidney Morris Co. v. National Association of Manufacturers, 7 Cir., 1930, 40 F.2d 620, 624.

[2] Spalding v. Vilas, 161 U.S. 483, 16 S. Ct. 631, 40 L.Ed. 780; DeArnaud v. Ainsworth, 24 App.D.C. 167, 5 L.R.A., N.S., 163.

[3] Sec. 12—201, D.C.Code 1940; Pearson v. O'Connor, D.C., D.C., 2 F.R.D. 521; Hartford Empire Co. v. Glenshaw Glass Co., D.C., 47 F.Supp. 711.