**Annette H. SLAFF, Plaintiff,**

v.

**Maurice M. SLAFF, Defendant.**

United States District Court
S. D. New York.

May 9, 1957.

William J. Rapp, New York City, for plaintiff.

Benjamin A. Hartstein, New York City, Marcus Klein, New York City, of counsel, for defendant.

FREDERICK VAN PELT BRYAN, District Judge.

Defendant moves, pursuant to Rule 12, F.R.Civ.P. 28 U.S.C.A., to dismiss the counterclaim pleaded in plaintiff's reply on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff wife is suing defendant husband for an accounting of the rentals of real property in Florida owned

by the parties as partners, title to the property being in the name of both husband and wife.

The answer admits the partnership but denies that plaintiff is entitled to an accounting. It also alleges that one Gertrude Chapman, who is defendant's sister and a stockholder of Slaff Realty Corporation which transferred the property to the plaintiff and defendant several years ago, claims an interest in it arising out of her stock ownership in this corporation, and seeks to set aside such transfer. The answer asserts that Mrs. Chapman is an indispensable party to this action and that in the event her claim is sustained plaintiff is not entitled to the relief which she now seeks.

On defendant's motion plaintiff was directed to serve a reply to the first separate defense in the answer which sets up the alleged claim of Mrs. Chapman and it is the counterclaim set forth in that reply which is the subject of the present motion.

This "Second Cause of Action" and "Counterclaim" alleges, in essence, that Gertrude Chapman has filed a bill in equity in the Florida courts against the two Slaffs, husband and wife, seeking to set aside the transfer to them by Slaff Realty Corporation of the Florida real estate involved in the instant action on the ground that it was transferred by the corporation in violation of Mrs. Chapman's rights as a stockholder. It further alleges that this Florida suit was instituted by Mrs. Chapman at the instigation of her brother, the husband Slaff, and is financed and controlled by him, and that he has never been served in the action though available in Florida for service. It claims that the Florida action was instituted "to harass, worry and injure the plaintiff", and that by injecting the alleged claim of Mrs. Chapman as an affirmative defense in the instant case and "fraudulently instituting the Florida suit", defendant has caused plaintiff "great mental anguish, pain and suffering", and "has thereby maliciously and deliberately injured the plaintiff herein in her good name and reputation". It

also alleges that the Forida bill in equity contains unspecified "untruthful and libelous statements concerning plaintiff which were untrue, were maliciously made and were known to be untrue by the defendant" when defendant filed a copy of the Florida bill in equity in this Court as part of his papers on a motion for summary judgment. Plaintiff seeks damages of $50,000 "by reason of such fraudulent and conspiratorial acts of defendant".

The counterclaim is a confused melange of allegations of fact, characterizations and conclusions, some of which might be pertinent to a claim for malicious prosecution, some to a claim for libel, some perhaps to a claim for abuse of process, and some to a claim based on some vague theory of intentional tort. Plaintiff's counsel has not enlightened the Court on what his theory is, and a study of the pleading leaves this obscure. Taking the allegations of the counterclaim as true for purposes of this motion, and drawing from them the inferences favorable to the plaintiff, I am unable to discern any theory upon which the counterclaim could be sustained.

In so far as the counterclaim purports to allege claims based on the allegations of the answer interposed by defendant in this action, it is plain that it is fatally defective. A claim which might arise out of the bringing of the main action or out of allegations in the pleadings, or proceedings taken in the course of the main action, may not be made the subject of a counterclaim. Such a claim is premature and cannot ripen or mature until the main action has been determined. Park Bridge Corporation v. Elias, D.C.S.D.N.Y., 3 F.R.D. 94; Goodyear Tire & Rubber Co. v. Marbon Corp., D.C.Del., 32 F.Supp. 279; Mennen Co. v. Krauss Co., D.C.E.D.La., 37 F. Supp. 161, reversed on other grounds, D. C., 134 F.Supp. 348; Bach v. Quigan, D. C.E.D.N.Y., 5 F.R.D. 34; Ivey v. Daus, D.C.S.D.N.Y., 17 F.R.D. 319; 3 Moore's Federal Practice, 2d Ed., 36.

If the counterclaim be considered as an attempt to allege a claim in the na-

ture of malicious prosecution based on bringing the Florida bill in equity, it is fatally defective for similar reasons. It is a prerequisite to such a claim that the prosecution or action which is alleged to have been maliciously brought must have previously been determined in favor of the plaintiff. Hauser v. Bartow, 273 N.Y. 370, 7 N.E.2d 268; Fay v. O'Neill, 36 N.Y. 11; Smith v. Smith, 26 Hun, N.Y., 573; Lyons v. Scriber, Sup., 174 N.Y.S. 332; Marion Steel Co. v. Alderton Dock Yards, Ltd., 223 App.Div. 741, 227 N.Y.S. 678; White v. Miami Home Milk Producers Ass'n, 143 Fla. 518, 197 So. 125; Restatement of the Law of Torts, Vol. III, Sec. 674.

In this case there has been no such determination of the Florida suit since it appears that the Florida suit is still pending. Thus, apart from the question of whether a claim for malicious prosecution could arise at all under the circumstances alleged here, such allegations of the counterclaim as may be claimed to support a theory of malicious prosecution are plainly insufficient.

■ There are allegations in the counterclaim which are based upon a theory that plaintiff was libeled by some of the allegations of the Florida bill though plaintiff points to no specific language which could be considered libelous. But even if she did the allegations of the Florida bill in equity seem to be plainly relevant to the subject matter of that litigation. It is well-settled that such allegations made in the course of a litigation are absolutely privileged. No claim based on the theory of libel has been alleged. Munzer v. Blaisdell, 268 App.Div. 9, 48 N.Y.S.2d 355; People ex rel. Bensky v. Warden, 258 N.Y. 55, 179 N.E. 257; Mascal v. Shasta Realty Corp., Sup., 96 N.Y.S.2d 605; Zirn v. Cullom, 187 Misc. 241, 63 N.Y.S.2d 439; Restatement of the Law of Torts, Vol. III, Sec. 587.

If the counterclaim be considered as an attempt to allege a claim in the nature of abuse of process, it is equally defective.

■ The gist of such a claim is that there must be improper use of the process outside of and apart from its legitimate purpose. Bad motive is not enough. There must be a perversion of the process, some improper use made of it wholly apart from the object of the process itself. Facts showing such perversion must be alleged and proved no matter how evil it is claimed the motives are for bringing the action. There are no such allegations in this counterclaim and it plainly does not state a claim for abuse of process. Dean v. Kochendorfer, 237 N.Y. 384, 143 N.E. 229; Hauser v. Bartow, supra; Restatement of the Law of Torts, Vol. III, Sec. 682.

Thus none of the theories upon which the plaintiff could possibly rely are sustained by the counterclaim. Such allegations as do not bear on any of these theories add nothing to the substance of the pleading any more than do the use of such adjectives as "fraudulent" or "conspiratorial". Cf. Lewis Invisible Stitch Mach. Co. v. Columbia Blindstitch Mach. Mfg. Corp., 2 Cir., 80 F.2d 862; Burns v. Spiller, D.C.D.C., 4 F.R.D. 299, affirmed 82 U.S.App.D.C. 91, 161 F.2d 377, certiorari denied, 332 U.S. 792, 68 S. Ct. 101, 92 L.Ed. 373; Posner v. Greenspan, 261 App.Div. 979, 25 N.Y.S.2d 828. Nor is there any cause of action in tort for damages for "mental anguish" caused by the commencement of a suit or legal proceeding which is separate from and independent of the theories already discussed and disposed of.

This counterclaim is wholly without merit and the motion to dismiss it for failure to state a claim is granted.

So ordered.