743 So.2d 134 (1999)
Arnold L. BEIZER, Appellant,
v.
Thomas JUDGE, Appellee.
No. 98-1871.
District Court of Appeal of Florida, Fourth District.
October 6, 1999.
*135 Donna M. Greenspan of Edwards & Angell, LLP, Palm Beach, for appellant.
Catherine M. Kozol and Brian Shutt, Office of the City Attorney, Delray Beach, for appellee.
WARNER, C.J.
The trial court granted summary judgment in an action for malicious prosecution, finding that based upon the undisputed facts, appellee, Officer Judge, had probable cause to file an arrest affidavit against appellant, Arnold Beizer. Because we find that the facts do not support a finding of probable cause, we reverse. In addition, because there is an issue of fact as to whether the officer had a reasonable good faith belief that the conduct constituted a crime, we remand for a trial on the issues.
Beizer was pulling out of a gas station in Delray Beach when he was hit by Donnie Weatherspoon. Beizer phoned the Delray Beach Police Department to report the accident. Before the police arrived, highway patrol Trooper Brinker coincidentally happened upon the scene and conducted an accident investigation by taking statements, obtaining drivers' licenses and registrations, and observing the accident site. Although Weatherspoon admitted that he had not observed Beizer pull out of the station, the trooper concluded that Beizer was at fault and issued him a citation for failure to yield the right-of-way. After completing the investigation, Trooper Brinker advised the parties that they were free to leave. Weatherspoon exchanged license information with Beizer, gave him his address and telephone number, and departed.
After Weatherspoon left, Beizer again called the Delray Beach Police Department and was informed that an officer was on his way to respond to the first call. Approximately one half hour later, Officer Judge arrived. The officer testified that he had been dispatched to the scene of a hit and run accident. At the scene, Beizer gave Judge the license and registration information which Weatherspoon had provided to him prior to leaving. Judge concluded that he was dealing with a hit and run, as Weatherspoon was not at the scene. He testified that when he suggested *136 that was the case to Beizer, Beizer said "I guess so," although in Beizer's deposition he denied ever suggesting that Weatherspoon improperly left the scene. However, Beizer did admit that he never told Judge that Trooper Brinker had previously investigated the accident and issued him a citation. He explained that he thought Brinker's investigation had covered up the negligence of Weatherspoon, and as such wanted an unbiased police investigation.
Later that day Officer Judge left a message for Weatherspoon to call him about the accident. When Weatherspoon returned the call and left a message, Judge concluded that he was not dealing with a hit and run scenario. Prior to speaking with Weatherspoon, Judge concluded the accident was Weatherspoon's fault and so notified Beizer. It was not until a week later, however, that Officer Judge actually spoke with Weatherspoon and learned for the first time that Trooper Brinker had investigated the accident before the officer arrived.
Officer Judge then met with Weatherspoon, Trooper Brinker, and an officer investigating Beizer's complaint against Brinker regarding his handling of the investigation to discuss what had occurred. After this meeting, Judge filed a probable cause affidavit against Beizer, setting forth the facts recited above and listing the charge as "false report to a police officer," citing section 837.05, Florida Statutes (1995). He explained that Beizer led him to believe that he was reporting a hit and run accident when the accident had already been investigated by Trooper Brinker. After an assistant state attorney reviewed the affidavit, the state charged Beizer with filing a false report with a law enforcement agency and with obstructing or opposing an officer without violence. Beizer was acquitted of both charges and then filed this action for malicious prosecution. Prior to trial, Judge moved for summary judgment on the ground that the undisputed facts showed that he had probable cause to file the affidavit. The trial court granted summary judgment in his favor, concluding that although there was not sufficient probable cause for the charge of filing a false report, there was cause for the charge of obstruction of justice. The court also found that even though Officer Judge may have mislabeled the crime as one of false reporting, it is actually the State Attorney who decides what charge to file based on the facts in the affidavit. Beizer appeals from this final judgment.
The six elements constituting a cause of action for malicious prosecution are: (1) an original civil or criminal proceeding commenced against the plaintiff; (2) the original proceeding was instituted by the defendant in the malicious prosecution proceeding; (3) the original proceeding resulted in a favorable result to the plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) the original proceeding was instituted with malice; and (6) the plaintiff suffered damages as a result of the original proceeding. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994); Rushing v. Bosse, 652 So.2d 869, 874 (Fla. 4th DCA 1995); Wright v. Yurko, 446 So.2d 1162, 1165 (Fla. 5th DCA 1984). The above-emphasized "lack of probable cause" element, the "instituted with malice" element, and the trial court's conclusions in regard thereto, are the only elements at issue in this appeal. To prevail in a malicious prosecution action, the burden is on the plaintiff to establish a want of probable cause to initiate the original proceedings. See Wheeler v. Corbin, 546 So.2d 723, 725 (Fla.1989). Where the material facts of a malicious prosecution action are undisputed, probable cause is a question of law for the court. See Dorf v. Usher, 514 So.2d 68, 69 (Fla. 4th DCA 1987). In this case, the material facts regarding whether or not probable cause existed are undisputed. Therefore, we review the finding of probable cause as a question of law.
*137 The trial court granted summary judgment on the ground that the affidavit contained probable cause to support the finding of a crime, namely obstruction of justice, finding that obstruction could be established by Mr. Beizer's failure to tell Officer Judge of Trooper Brinker's earlier investigation. Pursuant to section 843.02, Florida Statutes (1995), "[w]hoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree...." One of the questions presented here is whether the failure to give an officer "relevant information" to his investigation constitutes the crime of obstruction.
In K.A.C. v. State, 707 So.2d 1175, 1177 (Fla. 3d DCA), rev. denied, 722 So.2d 193 (Fla.1998), police officers stopped K.A.C. upon reasonable suspicion that he was a truant when they observed him walking away from school. When the officer asked him his name, K.A.C. refused to respond. The appellate court affirmed the trial court's conclusion that K.A.C.'s refusal to answer questions, which were posed to him in the course of a justified investigatory stop, constituted an obstruction of justice. K.A.C. was held to have resisted an officer without violence based upon his silence, because the officers in his case were performing their legal duty of returning truants to school and asked him a direct question which required an answer. See id. at 1177.
In contrast, the instant case does not point us to any question that the officer asked and Mr. Beizer refused to answer. Instead, Beizer is being accused of failing to volunteer relevant information regarding the accident. While good citizenship and honesty should have compelled Beizer to tell Officer Judge about Trooper Brinker's investigation, we can find no authority which makes it a crime to fail to volunteer to an officer all relevant information regarding an incident (accident or crime) within the knowledge of the person reporting it. "[N]o crime is committed by the mere harboring of evil intent not accompanied by an act, or an omission to act where there is a legal duty to act." Cover v. State, 297 Md. 398, 466 A.2d 1276, 1285 (1983), (quoting In re Leroy T., 285 Md. 508, 403 A.2d 1226, 1229 (1979)) (emphasis added). Thus, there was no probable cause to support a charge of obstruction of justice.
As to the crime of filing a false report, the trial court determined that Officer Judge lacked probable cause. Section 837.05, Florida Statutes (1991) provides that "[w]hoever knowingly gives false information to any law enforcement officer concerning the alleged commission of any crime is guilty of a misdemeanor of the first degree...." After the accident occurred, Mr. Beizer called the Delray Police to request that an officer investigate the occurrence. When the officer arrived, Mr. Weatherspoon was already gone, thus giving rise to the suspicion that a hit and run accident (within the statutory meaning) had occurred. Section 316.061(1), Florida Statutes (Supp.1992) required that:
[t]he driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall forthwith return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of § 316.062.
Section 316.062, Florida Statutes (1991) requires:
[t]he driver of any vehicle involved in an accident resulting in ... damage to any vehicle ... which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving, ... and shall upon request and if available exhibit his license ... to the driver or occupant of ... any vehicle ... damaged in the accident and shall give such *138 information and, upon request, exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident....

(Emphasis added). When Officer Judge arrived at the scene, knowing that he had been called by the participants in the accident, and that one party was no longer present, he could have reasonably believed that Mr. Weatherspoon had not complied with section 316.061(1) by remaining on the scene until the officer called to investigate the accident obtained the information required under section 316.062, the violation of which is a crime. See § 316.061(1). When the officer said to Mr. Beizer that the accident was a "hit and run," Mr. Beizer replied "I guess so," without telling Officer Judge of the trooper's investigation and release of Mr. Weatherspoon. Although this might constitute verbal acquiescence to an untrue statement, we, like the trial court, cannot conclude that it is the affirmative act of giving false information. A violation of section 837.05 "occurs only when someone lies to a police officer concerning the alleged commission of any crime." Madiwale v. Savaiko, 117 F.3d 1321, 1326 (11th Cir.1997). Mr. Beizer did not lie or make any false statements. We therefore conclude that probable cause did not exist to charge Mr. Beizer with the crime of filing a false report.
Although Beizer suggests that we should reverse and direct the trial to grant his motion for summary judgment on the malicious prosecution action, there are still disputed issues of fact as to that claim. In order to prevail, Mr. Beizer must prove that the criminal proceeding was instituted with malice. In Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, 1185 (Fla. 1977), the supreme court held:
[M]alice is not legally synonymous with the absence of probable cause. White v. Miami Home Milk Producers Association, 143 Fla. 518, 197 So. 125 (1940). The inference of malice from the absence of probable cause is not one of law but merely a presumption of fact which may be rebutted. This is an inference which the jury is not required to draw, and which it should not draw if other facts disclosed by the evidence lead to a different conclusion.
(Citation omitted). In Colonial Stores the plaintiff sued a store for malicious prosecution after a store manager had identified the plaintiff as a participant in a robbery. The state attorney filed an information against the plaintiff. Later a different person confessed to the crime. The question posed to the supreme court was whether the filing of an information by the state attorney in a criminal prosecution raised a conclusive presumption of probable cause to believe the defendant was guilty of a crime. See id. at 1183. The supreme court determined that it did not, but the filing of the information would be evidence of reasonable grounds for the prosecution and thus lack of malice. See id. at 1185.
Here, the probable cause affidavit was reviewed by the state attorney who elected to file an information against Beizer. The fact that the state attorney could believe that Beizer's conduct constituted a criminal act could tend to disprove that Officer Judge acted with malice towards Beizer. Thus, disputed questions of fact remain to be tried.
Appellant has relied on Central Florida Machinery Co. v. Williams, 400 So.2d 30, 32 (Fla. 2d DCA 1981), for the proposition that malice is inferred when lack of probable cause is proven. However, that case involved malicious prosecution through defense counsel's filing of an unfounded civil proceeding. Thus, it is distinguishable on that ground. To the extent that it conflicts with Colonial Stores, we should follow the opinion of the supreme court.
For the foregoing reasons, we reverse the final summary judgment and remand for further proceedings.
STONE and GROSS, JJ., concur.