785 So.2d 620 (2001)
STATE of Florida, Appellant,
v.
Timothy James ROBBINS, Appellee.
No. 5D00-769.
District Court of Appeal of Florida, Fifth District.
April 27, 2001.
*621 Robert A. Butterworth, Attorney General, Tallahassee, and, Margaret A. Brenan, Assistant Attorney General, Miami, for Appellant.
James Russo, Public Defender, and Blaise Trettis, Assistant Public Defender, Melbourne, for Appellee.
PER CURIAM.
The State of Florida appeals the trial court's dismissal of the State's petition to civilly commit Timothy James Robbins following the State's presentation of its case in an adversarial probable cause hearing as provided in section 394.915, Florida Statutes (2000). The petition was brought pursuant to sections 394.910-394.931, Florida Statutes, known as the Jimmy Ryce Act (Ryce Act). Robbins initially argues that the State has no right of appeal; we summarily dispose of that argument because this court has ruled to the contrary in State v. Osborne, 781 So.2d 1137 (Fla. 5th DCA 2001).
We perceive the primary issue on appeal to be whether the trial judge correctly established the standard that must be met by the State to prove probable cause. The trial court articulated the following standard in its denial of the State's motion for rehearing: "[T]here is no probable cause to believe that the State of Florida can ever prove by clear and convincing evidence that the respondent is a sexually violent predator under the act." We disagree with that standard, but recognize that the trial court had no guidance by statute or case law when it established it.
In the absence of guidance within this state, we borrow the definition established in other states by statute or by courts which have construed their sexually violent predator statutes, to wit: "[Probable cause is established when] sufficient evidence [is presented] to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that the respondent is a sexually violent predator." See State v. Watson, 227 Wis.2d 167, 595 N.W.2d 403, 418 (1999); In re Commitment of Shaw, 594 N.W.2d 419, 1998 WL 842756 at *6 (Wis.App.1998) (unpublished opinion), review denied, State v. Shaw, 233 Wis.2d 84, 609 N.W.2d 473 (2000) (TABLE, NO. 98-1396); In re Detention of Campbell, 139 Wash.2d 341, 986 P.2d 771 (1999) (en banc), cert. denied, Campbell v. Washington, ___ U.S. ___, 121 S.Ct. 880, 148 L.Ed.2d 789 (2001); In re Detention of Dean, 100 Wash.App. 1067, 2000 WL 690142 * 5 (Wash.App. Div. 3, May 30, 2000) (unpublished opinion), review denied, ___ Wash. ___, 11 P.3d 825 (2000) (TABLE, NO. 69905-4); State v. Callahan, 99 Wash.App. 1005, 2000 WL 60184 at * 2 (Wash.App. Div. 1, 2000), review denied, 141 Wash.2d 1008, 10 P.3d 1074 (2000) (TABLE, NO. 69395-1); In re Hay, 263 Kan. 822, 953 P.2d 666, 677 (1998); Commonwealth v. Toland, 2000 WL 576341 at *6 (Mass.Super.Apr.24, 2000). Because the purpose of a probable cause hearing is to prevent wrongful detention prior to trial, other states have held that the hearing in commitment cases is similar to the probable cause or pretrial release hearing held in criminal cases, neither of which requires strict adherence to the rules of evidence. See generally In re Dean, 2000 WL 690142 at *5; State v. Callahan, 99 Wash.App. 1005, 2000 WL 60184 at * 2; In re Hay, 953 P.2d at 677; Commonwealth v. Toland, 2000 WL 576341 at *6.
*622 In order to establish probable cause, the State must present evidence that would cause a person of ordinary prudence to believe that the respondent is a sexually violent predator as defined by section 394.912(10).[1] We remand the matter to the trial court to reevaluate the testimony presented in light of the standard observed by the courts of other states and now adopted by this court. Upon remand, it is within the discretion of the trial court after reevaluating the doctor's testimony to either continue with the adversarial hearing, or if the trial court finds probable cause under the new standard, the matter shall proceed to trial in accordance with section 394.916.
GRIFFIN and ORFINGER, R. B., JJ., concur.
PETERSON, J., concurs specially with opinion.
PETERSON, J., concurring specially.
I concur with the majority's establishment of the burden placed upon the State in order to avoid dismissal of its petition at the conclusion of its case-in-chief in a Ryce Act adversarial probable cause hearing. However, I do not agree that it is necessary to remand the case to the trial court to apply the standard since the facts are not in dispute. The only issue remaining is a pure question of law: whether those facts are sufficient to preliminarily establish probable cause so that the defense is given the opportunity to proceed with its case. See generally Beizer v. Judge, 743 So.2d 134, 136 (Fla. 4th DCA 1999) (citing Dorf v. Usher, 514 So.2d 68, 69 (Fla. 4th DCA 1987) (discussing probable cause in a malicious prosecution action)). Because, as the trial court properly noted in its order, the material facts were undisputed in this case, the de novo standard of review applies before this court.
The undisputed facts reveal that Robbins was placed on community control at the age of 14 for committing a lewd, lascivious, or indecent act upon a child. This act was upon a six-year-old female cousin and involved oral sex, digital penetration, and an attempt at penile penetration. Three years later he was adjudicated delinquent when he violated community control and was sentenced to a level 8 high risk residential placement.
During the Ryce Act evaluation interview, Robbins volunteered that he engaged in three uncharged sexual episodes when he was 14 or 15 years old. One was with a nine-year-old girl involving oral sex and intercourse, one was with a five-year-old girl upon whom he performed oral sex and attempted penile penetration, and the third was forced oral sex with a six-year-old male. He also volunteered that he was unsuccessful in attempting to entice his younger sister to engage in a sexual encounter. These encounters were possible because Robbins was not confined during that period of his life. Encounters after these were unlikely because he was confined *623 shortly thereafter. To his credit, he expressed sorrow for the pain that he caused his victims and also admitted that he was fearful of the thought of committing another sexual crime. He also fears that he cannot control his behavior without medication and guessed that he would obtain help when he was released so that he could learn to control himself.
His behavior during twenty-two months of confinement was not exemplary. He consistently demonstrated maladaptive behavior in the form of verbal aggression, tantrums, physical aggression, two escape attempts, and made minimal progress in sex offender treatment groups. Intellectual testing placed Robbins as functioning in the borderline range.
The evaluating psychologist concluded that Robbins suffered from a pathological sexual attraction to children and because his behavior continued to be aggressive, impulsive, and erratic with no substantial progress during his confinement, he was likely to commit more acts of sexual violence if not confined.[1]
No other witnesses were presented and the only doubts that could have been generated were through Robbins' highly effective defense counsel during cross-examination. Defense counsel's questions suggested that his client's voluntary and uncorroborated admissions of uncharged sexual encounters with children were fabricated, but there is no evidence in the record to support those suggestions. The defense may be able to instill those doubts with evidence upon remand if the trial judge finds that the State carried its burden during its case-in-chief.
Based upon the uncontroverted facts, I believe that this court should find as a matter of law that the State initially carried its burden to present evidence sufficient to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that Robbins is a sexually violent predator. Whether Robbins' voluntary admissions of having committed uncharged acts against children are a product of fantasy or truth, at this point in the proceedings, the uncontroverted admissions should be accepted as real. If not real, the fantasy is still worrisome. I would find that the State initially carried its burden during its case-in-chief and remand for the purpose of affording Robbins the opportunity to present his case at the probable cause hearing.
NOTES
[1] Section 394.912(10) defines "sexually violent predator" as a person who (1) has been convicted of a sexually violent offense; and (2) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care and treatment. The court found that the State had sufficiently shown that Robbins had been convicted of a sexually violent offense as defined in section 394.912(2)(c), (9)(e), Florida Statutes (2000). In attempting to show that Robbins suffered from a mental abnormality that makes him likely to engage in acts of sexual violence if not confined, the State presented evidence in the form of testimony from an evaluating psychologist previously qualified as an expert in other Ryce Act determinations that Robbins suffered from paraphilia NOSa sexual and psychological disorder listed in the DSM-IV.
[1] Robbins was diagnosed with paraphilia NOS, a sexual disorder found in the DSM-IV.