[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

------------------------------------------

No. 07-10850
Non-Argument Calendar

-------------------------------------------

D.C. Docket No. 05-00101-CV-4-RH-WCS

ARNETTA MCCLOUD, et al.,

Plaintiffs,

FREDDY MCCLOUD,

Plaintiff-Appellant,

versus

KENNETH W. FORTUNE, Sheriff of
Jefferson County, in his official and individual capacities, et al.,

Defendants,

WILLIAM D. HAYES,
GEORGE STINSON,
GERALD KNECHT,
DAVID CLARK,
MICHAEL JOYNER,
D. HOBBS,

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Florida

**(January 18, 2008)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Freddy McCloud appeals the grant of summary judgment to Kenneth Fortune, the former Sheriff of Jefferson County, Florida, (the "Sheriff") on McCloud's claim of malicious prosecution raised in his 42 U.S.C. § 1983 complaint.[1] No reversible error has been shown; we affirm.

In July 2001, a confidential informant reported to the Jefferson County Sheriff's Office that he had just completed a controlled purchase of cocaine from McCloud and that McCloud was planning to drive to Tallahassee in a white Lincoln later that night. A short time later, officers observed a white Lincoln driving toward Tallahassee and pulled the car over for speeding. McCloud was the driver of the vehicle. McCloud's wife sat in the car's front passenger seat; and his daughter and nephew sat in the back seat. McCloud consented to a search of

---

[1] Although McCloud's complaint raised several other claims considered by the district court, the only issue presented on appeal relates to McCloud's malicious prosecution claim. Therefore, we limit our discussion of the facts of this case to those facts necessary to resolve McCloud's sole claim on appeal.

the car; and although a drug-sniffing dog alerted to the passenger side of the car, no drugs were found in the vehicle. The McClouds were taken back to the last house that they had visited; and no drugs were found at that location. McCloud was then released.

A few months after the July 2001 traffic stop, McCloud was charged with possession of cocaine; but the charge was ultimately dismissed. In his section 1983 complaint, McCloud alleged that the Sheriff, acting with malice, caused a prosecution to be instituted against him because McCloud's lawyer had requested records about the July 2001 traffic stop.

In considering McCloud's malicious prosecution claim, the district court decided that, based on the information provided by the confidential informant, officers had probable cause to arrest McCloud. The district court also explained that, even assuming that the Sheriff had an underlying motivation for McCloud's arrest, the filing of criminal charges against McCloud -- based on probable cause -- was not malicious prosecution.

On appeal, McCloud argues that, even if officers had "initial probable cause" to stop him, the Sheriff engaged in malicious prosecution by continuing to investigate McCloud months after the traffic stop occurred. McCloud asserts that the Sheriff continued the criminal investigation without receiving new information

3

linking McCloud to a crime and that the district court failed to consider whether "subsequent malice" was sufficient to vitiate the initial probable cause in this case.

We review the district court's grant of summary judgment <u>de novo</u>; and we view the facts in the light most favorable to the nonmoving party. <u>Frederick v. Sprint/United Mgmt. Co.</u>, 246 F.3d 1305, 1311 (11th Cir. 2001). Summary judgment is proper when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

"To establish a federal malicious prosecution claim under [section] 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1234 (11th Cir. 2004). Under Florida law, a plaintiff must establish these six elements to support a malicious prosecution claim:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

4

Id.; see also Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla. 1986).

Here, as the district court discussed, officers had probable cause -- based on the confidential informant's statements about completing a "controlled buy" of cocaine from McCloud -- to arrest McCloud. See Daniel v. Vill. of Royal Palm Beach, 889 So.2d 988, 990 (Fla. Dist. Ct. App. 2004) ("Probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person arrested is guilty of a criminal offense.") (internal quotation and alteration omitted). Although approximately four months passed before charges were filed against McCloud, McCloud has pointed to no evidence showing that the Sheriff became aware of information that contradicted the informant's statements or otherwise indicated that probable cause no longer existed. McCloud has failed to show the absence of probable cause in this case. See Beizer v. Judge, 743 So.2d 134, 136 (Fla. Dist. Ct. App. 1999) ("To prevail in a malicious prosecution action, the burden is on the plaintiff to establish a want of probable cause to initiate the original proceedings.").

We affirm the district court's grant of summary judgment to the Sheriff.

**AFFIRMED.**