COHEN, J.
Appellant, Gustav Kakuk, is currently committed under the Involuntary Civil Commitment of Sexually Violent Predators Act (“the Act”).[1] He appeals the order denying his petition for release from the Florida Civil Commitment Center. The issue presented is whether the trial court erred by weighing the evidence presented at Kakuk’s limited probable cause hearing.[2]
After being convicted of several predicate offenses, Kakuk was civilly committed under the Act in 2004. Kakuk petitioned for release several times; most recently, in January 2014. As evidence of his change in condition, Kakuk presented a report written by Dr. Douglas Shadle, a psychiatrist.
In Dr. Shadle’s report, he opines that Kakuk’s condition has so changed in the nine and one-half years since commitment that Kakuk is safe to be at large. Although Kakuk received prior diagnoses of frotteuristic disorder, exhibitionist disorder, and unspecified personality and para-phillic disorders, Dr. Shadle believes that Kakuk does not currently meet the criteria for psychopathy. The report concludes that through Kakuk’s “treatment participation to date, his age and deteriorating health, his verbalized change in mental condition, and his observable behavior,” his “condition has so changed that it is safe for [him] to be at large” and that he “will not engage in acts of sexual violence if discharged.”
Nevertheless, the trial court denied Ka-kuk a nonjury trial on the issue of his continued dangerousness. The court found that Kakuk did not meet his burden of proving probable cause because Dr. Shadle’s report was “contradictory in numerous respects.”
A commitment term under the Act lasts until the detainee’s “‘mental abnormality or personality disorder has so changed that it is safe’ for him to be at large.” Chukes v. State, 90 So.3d 950, 952 (Fla. 5th DCA 2012) (quoting Chukes v. State, 840 So.2d 255 (Fla. 5th DCA 2003)). Upon petition for release from commitment, the Act affords the detainee a limited hearing to establish probable cause that a change in condition renders him safe to be released. § 394.918(3), Fla. Stat. (2013). The burden is on the petitioner to prove probable cause. See Westerheide v. State, 888 So.2d 702, 705 (Fla. 5th DCA 2004). If the petitioner establishes probable cause, he is entitled to a nonjury trial to determine his . fitness to be released. § 394.918(3), Fla. Stat.
Under the statutory scheme that was applicable at the time of Kakuk’s hearing, the court is not permitted to make any credibility determinations or weigh the petitioner’s evidence against the State’s. See Holder v. State, 123 So.3d 136, 139 (Fla. 5th DCA 2013) (citations omitted). Instead, the trial court is tasked with determining “whether there is sufficient evidence to cause a person of ordinary prudence to conscientiously entertain a reasonable belief that the committed per *847 son’s mental abnormality or personality disorder has so changed that the person is safe to be at large.” Chukes, 90 So.3d at 954 (citing State v. Robbins, 785 So.2d 620, 621 (Fla. 5th DCA 2001)). In making this determination, the court may look to the legal sufficiency of the evidence. See Spivey v. State, 12 So.Sd 880, 888 (Fla. 5th DCA 2009) (concluding that expert’s report was legally insufficient because it did not address the offenses for which the petitioner had most recently been imprisoned). But if the evidence is sufficient to establish probable cause, the court must set the issue for trial. § 394.918(3), Fla. Stat. In determining the sufficiency of the evidence, the trial court must accept the petitioner’s evidence as true. See Chukes, 90 So.3d at 954 (citing Westerheide, 888 So.2d at 706).
Reviewing the trial court’s decision de novo, see Holder, 123 So.3d at 138, we believe that Dr. Shadle’s report was sufficient to establish probable cause. The report contained evidence that this Court has previously found amounted to probable cause. See Spivey v. State, 100 So.3d 1254, 1255-56 (Fla. 5th DCA 2012). At trial, the court is free to accept or reject the testimony of Kakuk’s expert. At this stage, accepting the report as true, there was sufficient evidence to establish probable cause that Kakuk is no longer a threat to society, which, under the applicable statutory scheme, entitles him to a nonjury trial.
REVERSED and REMANDED.
EVANDER and BERGER, JJ., concur.

. §§ 394.910-.932, Fla. Stat. (2013).

. We realize that the Act was recently amended in a way that renders this opinion inapplicable to future cases. The Legislature amended the Act to allow the State to present evidence at the probable cause hearing and to allow the court to weigh all of the evidence presented. See Ch. 2014-2, Laws of Fla. (codified at § 394.918(3), Fla. Stat.). The amendment is silent as to retroactive applicability. Accordingly, because the amendment did not take effect until after the probable cause hearing in this case, the State did not present conflicting evidence; instead, it argued that Kakuk’s evidence was inadequate.